447 A.2d 282

**COMMONWEALTH of Pennsylvania**

v.

**Ronald J. SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued March 22, 1982.

Filed June 25, 1982.

Steven V. Manbeck, Mifflintown, for appellant.

Michael Johnston, District Attorney, Mifflintown, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WICKERSHAM, Judge:

On November 12, 1980 a criminal complaint was sworn out against Ronald J. Smith of Port Royal, Juniata County, by Trooper G. L. Eaton of the Pennsylvania State Police on a charge of recklessly endangering another person.[1] Specifically, Smith was charged with having recklessly engaged in conduct which placed Douglas Edward Forry in danger of death or serious bodily injury "by pointing a gun in the direction of the victim Forry, and firing a shot in the direction of said victim."

On January 22, 1981, trial was commenced against Smith before the Honorable Keith B. Quigley, President Judge, and a jury. Following the presentation of the evidence, the jury returned a verdict of guilty of recklessly endangering another person. Post-trial motions were thereafter denied, and Smith was sentenced on June 16, 1981 to undergo imprisonment in a state institution for a period of not less than one nor more than two years. This appeal followed.

Instantly Ronald J. Smith was charged with recklessly endangering Douglas Edward Forry on October 10, 1980 at 7:00 p. m. in Turbett Township, Juniata County. At trial Douglas Edward Forry testified that he was nineteen years of age and resided with his parents at Port Royal, Juniata County. At the time of the alleged crime, the defendant Ronald J. Smith was visiting his parents who are neighbors of the Forrys. The houses of the Forrys and defendant's parents were perhaps a hundred yards apart separated by a field. On October 10, 1980 about 7:00 p. m., Forry had been working on his car, a 1969 Chevelle. He was driving the car along the field next to his neighbor Ralph Bomberger. It was dark and he had headlights on. As he came within twenty-five yards, at the most, of the side porch of the home of defendant Ronald J. Smith, he saw Smith whom he had known seven or eight years. His testimony followed:

1. § 2705. Recklessly endangering another person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

Q. Exactly what position was he in? I mean was he sitting, standing up, laying down, or what?

A. He was sort of on his knees, or something like that.

Q. Both knees.

A. No, just the one.

Q. All right. What else, if anything, did you notice about him?

A. Well, he had a rifle in his hand.

. . . .

Q. ... When you first saw him was your car moving?

A. Yes.

Q. Did you continue moving, or did you stop after you saw him?

A. I continued moving.

Q. You said something about a shot next. Did you hear a shot?

A. Yeah.

Q. Now, were you looking at Mr. Smith directly at the time you heard the shot?

A. No.

Q. All right, where were you looking?

A. Where I was going.

Q. How long after the time you first saw Mr. Smith in that posture that you just demonstrated did you hear the shot?

A. A couple of seconds.

. . . .

Q. At the time you saw Mr. Smith in the posture you described, did you see anybody else in the area?

A. No.

Q. Not only the area of his house but anybody else on the road?

A. No.

Q. Were there any other vehicles around besides yours at that time?

A. No.

Q. Now this shot that you said you heard, what kind of a shot was it?

A. A twenty-two.

. . . .

Q. Did you see the discharge of a firearm?

A. No.

Q. Did you see or hear a projectile going overhead?

A. No.

Q. Going into the ground?

A. (Shook head no.)

Record at 13–14, 15, 21.

The only other relevant testimony from the Commonwealth came from Jeffrey A. Funk who testified that he was in the home of defendant Smith *more than a month after the incident on October 10, 1980* and observed a Mossburg .22 caliber rifle. He also testified that as he was leaving the defendant's home he noticed "in the grass" a "spent .22 cartridge casing."

It is from this combination of evidence that the Commonwealth would have us find that Ronald J. Smith was guilty beyond a reasonable doubt of recklessly endangering another person. We are unable to so conclude.

There was evidence that Ronald J. Smith was holding a rifle and there was evidence from which a jury could conclude that the rifle was fired; however, there was no evidence that the rifle was fired *at* Douglas Forry. Just as plausible would be the conclusion that the rifle was fired into the air. There is no competent evidence from which a jury could conclude that Douglas Forry at any time was placed in danger of death or serious bodily injury. We conclude, therefore, that the evidence presented at trial was insufficient, as a matter of law, to sustain the conviction.[2]

Judgment of sentence reversed and defendant discharged.

WATKINS, J., files a concurring opinion.

2. *Cf. Commonwealth v. Gouse*, 287 Pa.Super. 120, 429 A.2d 1129 (1981) (Opinion by President Judge Cercone) where we had occasion

WATKINS, Judge, concurring.

We concur with the Majority's reasoning to the effect that the evidence in this case was insufficient to sustain the conviction for recklessly endangering because it was impossible to establish that the defendant had fired the shot at Douglas Edward Forry or anyone else and thus, the elements of recklessly endangering have not been established. We did dissent in the case of *Commonwealth v. Gouse*, 287 Pa.Superior Ct. 120, 429 A.2d 1129 (1981) and would still adhere to the reasoning set forth in that dissent with respect to the facts of that case.

to consider another recklessly endangering conviction. In *Gouse* the Commonwealth evidence was that appellant was seated in his vehicle and shouted at two men who were in another car. They pulled their vehicle alongside of appellant's vehicle and an argument ensued. During the argument appellant Gouse raised a shotgun and pointed it at the two men for something less than one minute. There was no evidence that the shotgun was loaded. We held that the evidence was insufficient to convict Gouse of recklessly endangering another person.