516 A.2d 770

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Paul KAMENAR, Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Oct. 21, 1986.

Bruce A. Antkowiak, Pittsburgh, for appellant.

Edward M. Clark, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Appellant, Paul Kamenar, files the instant appeal following the denial of post-trial motions, and the imposition of a judgment of sentence upon his conviction on a charge of recklessly endangering another person. Numerous claims of error are raised on appeal.

The procedural and factual history of this case are somewhat unusual. The Appellant, a former police officer of the Kennedy Township Police Department, in Allegheny County, was originally charged with 110 counts of criminal violations. At a jury trial held in the case, the lower court, acting upon a defense motion, dismissed 106 of the counts at the close of the Commonwealth's presentation of its evidence. The jury considered the four remaining charges, which were conspiracy, recklessly endangering another person, official oppression, and solicitation. The jury returned a verdict finding the Appellant guilty on the conspiracy and recklessly endangering another person counts. The Appellant thereafter submitted a motion for a new trial and/or in arrest of judgment. While the motion for a new trial was denied, the trial court granted the motion for arrest of judgment as to the conspiracy charge. The Appellant was thereafter sentenced on the single recklessly endangering charge, and this appeal followed.

A generalized and much condensed recitation of the facts will suffice for purposes of considering the matters pertinent to the disposition of this appeal. In essence, the record indicates that in approximately April, 1983, the Ken-

nedy Township Police Department began to receive complaints of various types of incidents arising in a residential area of the municipality. Many such complaints came from Darlene Barron, a resident in the area. The reports included several involving incidents of gun shots in the area, over a period of several months. Surveillance of the area, especially near Ms. Barron's home, was conducted on several occasions by police officers. On January 21, 1984, a Kennedy Township police officer conducting such surveillance from inside a residence next door to the Barron dwelling, observed someone discharge a hand gun out of the rear window of Ms. Barron's home, and into a wooded hillside behind it.

After obtaining a search warrant, the police searched the Barron residence, recovered a firearm and ammunition, and placed Ms. Barron under arrest. During questioning by police, and again at trial, Ms. Barron related that she had been having an intimate relationship with the Appellant, and that he had purportedly provided ammunition, induced her to fire the gun into the hillside, and to make false reports, as part of a scheme to discredit his superior, the Chief of Police of the Kennedy Township Police Department.

As noted earlier, the Appellant raises numerous contentions of error, seeking the reversal of his conviction and judgment of sentence. Inter alia, he contends that the evidence was insufficient to support the charge of recklessly endangering another person. We find merit in that contention.

The charge of recklessly endangering another person is described in the Crimes Code, 18 Pa.C.S. § 2705, as follows:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

The Appellant's conviction and judgment of sentence may only be upheld if his conduct falls within the reasonable parameters of Section 2705. Of course, it is well estab-

lished that the evidence is considered to be sufficient if it supports the verdict beyond a reasonable doubt, when construed in a light most favorable to the Commonwealth, with all proper inferences drawn to favor the Commonwealth. *Commonwealth v. Edwards*, 493 Pa. 281, 426 A.2d 550 (1981). A conviction, however, cannot be sustained upon mere conjecture or suspicion, and all the elements of the crime charged must be proven. *Commonwealth v. Derr*, 501 Pa. 446, 462 A.2d 208 (1983).

The recklessly endangering count upon which the Appellant's conviction was based relates to the episode in which the single shot was fired by Ms. Barron from the rear window of her residence, into the hillside behind her home, on January 21, 1984. The police officer who observed the shot being fired, Officer Schelling, testified that he was at that time making his surveillance from inside the residence next door to Ms. Barron's home. The officer was not able to actually identify the person who shot the gun, as from his vantage point he could only see an arm and hand extended from the window of Ms. Barron's home, holding the gun which fired at the hillside.

This officer was asked for a physical description of the area including the Barron residence. He testified that there were no dwellings behind the Barron home, but rather that neighboring homes were on either side of the Barron property. All of the homes were in a valley or gully. Behind the residence of Ms. Barron, in the direction in which the shot was fired, a hillside arose at a 45 degree angle, approximately 75 feet upward to a tree line. The tree line was the border of a wooded area, apparently a plateau, at the top of the hill. There were no dwellings in this wooded area. Beyond this wooded area, from the direction of the back of the Barron residence, a hillside sloped downward, towards another residential area, and a highway.

The Appellant contends that there was no evidence that the shot which was fired by Ms. Barron on January 21, 1984 placed or may have placed any other person in danger of death or serious bodily injury, as required under the reck-

lessly endangering statute set forth above. Even reviewing the facts in a light most favorable to the Commonwealth, and giving it the benefit of all inferences, we are constrained to agree with the Appellant's reasoning. The evidence of record indicates that Ms. Barron discharged the weapon into a hillside which arose behind and above her home, which was not a place where any dwelling, other structure, or any other person was known to be located. From the description of the area, it appears that it would have been impossible for Ms. Barron to fire a gun in the direction of the hillside and possibly strike anyone other than a person on the hillside, or possibly at the edge of the tree line at the top of the hill, which was 75 yards above and behind her home.

The only person shown by the evidence to be in the area was the police officer who observed the shot being fired. At the time, this officer was located inside of a residence which was beside, but not behind the Barron dwelling. The lower court specifically resolved any issue regarding whether or not this officer was ever in a position to be endangered by Ms. Barron's shot that day. In that regard, although the lower court refused to sustain a defense motion for a demurrer and for directed judgment on the recklessly endangering count upon which the Appellant was convicted, the trial judge did grant a demurrer as to another count relating to that incident, and stated: " ... the court finds that Officer Schelling was never placed in danger and the Count is overpled."

It is evident that there is a complete absence of evidence that Ms. Barron's single discharge of the weapon out of the back window of her home, and into the hillside behind it, on January 21, 1984, placed or may have placed any other person in danger of death or serious bodily injury. While her conduct may have comprised some other offense, in the absence of evidence that Ms. Barron's shot that day endangered or may have endangered another person, the Appellant's conviction of recklessly endangering, based upon that incident, cannot be sustained. Compare *Commonwealth v.*

*Smith,* 301 Pa.Super. 142, 447 A.2d 282 (1982); *Commonwealth v. Gouse,* 287 Pa.Super. 120, 429 A.2d 1129 (1981); *Commonwealth v. Baker,* 287 Pa.Super. 39, 429 A.2d 709 (1981).

In light of our conclusion that there was insufficient evidence presented to sustain the specific charge of recklessly endangering upon which the Appellant was convicted, we deem it unnecessary to discuss any of the Appellant's many remaining contentions of error. We must hold that the lower court erred in denying the defense motions for demurrer and/or directed verdict as to the recklessly endangering count based upon the January 21, 1984 conduct of Ms. Barron, and in thereafter denying the defense motion for arrest of judgment after the jury verdict was rendered on that count.

Accordingly, the judgment of sentence is vacated, the Appellant's conviction is reversed, and he is discharged.