644 A.2d 763

**COMMONWEALTH of Pennsylvania**

v.

**Nathaniel HUNTER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1994.

Filed July 7, 1994.

Jeffrey W. Whiteko, Asst. Public Defender, Uniontown, for appellant.

Ralph C. Warman, Dist. Atty., Uniontown, for Com., appellee.

584

Before McEWEN, DEL SOLE and BROSKY, JJ.

DEL SOLE, Judge.

This is an appeal from the Judgment of Sentence imposed following Appellant's conviction for Aggravated Assault, Simple Assault, and Reckless Endangerment of Another Person. The charges arose from an incident in which Appellant was found to have fired several gunshots from a car into the home of Kent Ramsey. Appellant alleges two errors by the trial court. First, Appellant alleges that the verdict was against the weight of the evidence in that the Commonwealth failed to show that it was the appellant who fired the shots. Secondly, Appellant argues that the Commonwealth's evidence was insufficient to establish the requisite intent on the part of the Appellant to cause serious bodily injury. We find no merit in either of the Appellant's contentions and affirm the trial court's judgement.

The essential facts are as follows. On September 6, 1992, Charles Ford and Brenda Stewart were guests in the home of Kent Ramsey. At approximately 11:00 P.M., Darlene Ramsey, Kent Ramsey's mother, knocked on the front door while her daughter knocked on the back door in an attempt to reach Kent. Neither of the two were able to get a response from any of the three people inside. Mrs. Ramsey and her daughter then left. After turning her car around, Mrs. Ramsey spotted Nathaniel Hunter, whom she knew "since he was little", in the front passenger seat of what she recognized as the Hunter family car. Once the Hunter car passed, Mrs. Ramsey turned and was travelling in the opposite direction. While stopped at a traffic light, Mrs. Ramsey spotted Hunter, via her rear view mirror, as he leaned out of the passenger window and fired several shots at her son's house. The car fled the scene.

Ford was sitting in the living room, and Stewart was lying on the floor, when "things" began flying through the front door and wall. Kent Ramsey heard the noise, came downstairs and saw Ford and Stewart attempting to take cover on the floor. Plaster covered the floor and furniture, and bullet

holes were discovered in the front door. A bullet was also found on the floor in the next room.

Appellant's first contention, that the identification by Mrs. Ramsey is against the weight of the evidence, is unfounded. As the trial court correctly stated, Appellant's assertion is one of the credibility of the witness, and questions of witness credibility are to be resolved by the trier of fact. The jury was free to believe all, part, or none of the evidence and testimony presented to it. *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992). Appellant took full advantage of his opportunity to discredit the witness and present his version of the facts to the jury. The jury simply chose not to believe him.

Secondly, Appellant contends that the Commonwealth failed to show the requisite intent necessary to support an inference that he intended to cause serious bodily injury. Therefore, Appellant argues that he cannot be convicted on the Aggravated Assault charge. We disagree. Aggravated assault does not require proof that serious bodily injury was inflicted but only that an attempt was made to cause such injury. See 18 PaC.S. § 2702(a)(1). Aggravated Assault: "A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another ..." An intent to cause serious bodily injury may be shown by the circumstances surrounding the incident. *Commonwealth v. Elrod*, 392 Pa.Super. 274, 572 A.2d 1229 (1990) citing *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978).

A similar argument was raised by the appellant in *Commonwealth v. Eaddy*, 419 Pa.Super. 48, 614 A.2d 1203 (1992). In *Eaddy*, appellant knocked on the door and requested that Arlene Briggs come to the door. She refused, looked out the window and observed appellant. Instead of going to the door, she went to the rear of the house. Appellant fired two gunshots through the window. One of them struck another person who was inside the house. Because the shade was drawn on the window, Appellant argued that he should not be convicted of aggravated assault because the evidence did not

demonstrate that he possessed the specific intent as to a specific person. We determined that because Appellant fired gunshots into a residence that he knew to be occupied, his indifference as to who might be shot did not lessen the seriousness of the act. *Id.* at 51. The intent to do serious bodily harm can be inferred in the act of discharging a firearm into an occupied home. Because there exists the probability that a person in the home could be harmed if someone were to shoot into the home, an attempt to cause serious bodily harm to such a person can be inferred.

Similar reasoning was applied in the case of *Commonwealth v. Kamenar*, 358 Pa.Super. 62, 516 A.2d 770 (1986) although the crime at issue was reckless endangerment and not aggravated assault. We refused to find that appellant in that case possessed the requisite intent to place any person in danger of serious bodily harm because he discharged the weapon onto a hillside which arose behind and above the home. We agreed with appellant's argument that no person was placed in danger because it "was not a place where any dwelling, other structure, or any other person was known to be located." *Id.*, 358 Pa.Super. 66, 516 A.2d at 771. Because in the instant case, the structure was a place where people lived, the evidence is sufficient to demonstrate the intent required under the Aggravated Assault statute. Likewise, in *Commonwealth v. Reardon*, 297 Pa.Super. 193, 443 A.2d 792 (1981), although the appellant's challenge to the sufficiency of the evidence was based on police identification, we found that appellant's drive-by shooting into a house in which no one was injured, was sufficient to support his conviction for aggravated assault.

Because the conviction on aggravated assault charges is not against the weight of the evidence, and because Appellant's intent to do serious bodily injury was reasonably inferred by the trial court, the trial court's judgement of sentence is affirmed.

Judgment affirmed.