**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TURHAN FRAZIER | : | |
| | : | |
| Appellant | : | No. 3174 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007212-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TURHAN FRAZIER | : | |
| | : | |
| Appellant | : | No. 3175 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007214-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TURHAN FRAZIER | : | |
| | : | |
| Appellant | : | No. 3176 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007215-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| TURHAN FRAZIER | : |  |
|  | : |  |
| Appellant | : | No. 3318 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007209-2015

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| TURHAN FRAZIER | : |  |
|  | : |  |
| Appellant | : | No. 3319 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007211-2015

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 19, 2018**

Turhan Frazier appeals from the judgment of sentence of 19 ½ to 39 years of incarceration followed by five years of probation, imposed on July 25, 2017, following a bench trial resulting in his conviction for four counts of aggravated assault, and one count each of conspiracy, person not to possess a firearm, firearm not to be carried without a license, carrying firearm on public streets in Philadelphia, discharge of firearm into occupied structure, and

terroristic threats.[1]   Frazier challenges the sufficiency and weight of the

evidence supporting several of the charges against him.   We affirm.

The following facts were established at trial:

On the afternoon of June 2, 2015, Ronette Coleman went to a home in southwest Philadelphia to pick up her husband, Darryl Johnson.  Although they were driving separate vehicles that day, the two were planning to go shopping together.   When Ms. Coleman arrived, she had an argument with the co-defendant Andrea Brown, who was in the home.  The argument began in the house but soon went out into the street.   [Appellant], Turhan Frazier, and [c]omplainant Darryl Johnson came outside and became involved in the disagreement between the two women. [Appellant] Frazier began arguing with Mr. Johnson and proceeded to pull out a firearm.  [Appellant] Frazier then shot at the vehicle that Ronette Coleman drove to the area approximately six times. [Frazier] then pointed the firearm at Darryl Johnson's head and pulled the trigger, but the gun did not fire.  Darryl Johnson then left the scene in his separate vehicle.  Ronette Coleman entered the vehicle that had been shot at by [Frazier] and drove to her house. [Frazier], along with the co-defendant Brown, left the area in their own vehicle, a green minivan.

After arriving home, Ronette Coleman, Shakeera Coleman and [c]omplainant A.J. (Shakeera Coleman's 6 year old child) were standing outside of their address located on the 3800 block of Mount Vernon Street.  [Frazier and his co-defendant] arrived at their location in their green minivan.  [Frazier] got out of the green minivan, and [he] walked to the back of it.  At this time, he pulled out a firearm and began to fire in the direction of the complainants and in the direction of the home, causing [a] bullet hole[] in the glass of [a window above the front door].  The complainants ran inside the house, and [they] contacted the police.

Responding police officers were able to stop [Frazier's] minivan with [Frazier] and his co-defendant inside of the vehicle within twenty minutes of the shooting incident at the Coleman home. The [c]omplainants were transported by police to the location of

---

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a)(1), 903, 6105(a)(1), 6106(a)(1), 6108, 2707.1(a), 2706(a)(1), respectively.

- 3 -

the minivan, and once there[, they] were able to identify [Frazier and his co-defendant]. Video was recovered from a store on the corner of the block of the Coleman's block showing [Frazier and his co-defendant] dropping off their children just prior to the shooting and retrieving them moments after the shooting.

At the time of the incident, [Frazier] was ineligible to carry a firearm due to a previous conviction for robbery.

On June 2, 2015, following the incident, [Frazier] was in the custody at the holding facility for prisoners in West and Southwest Philadelphia. Police Officer Banach was on duty at the time, making rounds of the cell rooms at the facility. [Frazier] was complaining audibly from his cell. A fellow officer, Officer Nock, asked Officer Banach about the charges against [Frazier]. In response, Officer Banach said[,] "He allegedly shot up a house on Mount Vernon Street." At that time, [Frazier] yelled[,] "Don't walk away from me, pussy. I didn't shoot up a house[;] I shot up a car[.]" [Frazier] reached through the bars of his cell and tried to grab Officer Banach. As Officer Banach continued to walk away, [Frazier] then said, "I'll fucking shoot you, you pussy, I'll kill you."

Trial Court Opinion, filed April 3, 2018, at 1-3 (unpaginated; citations to record omitted).

Following trial in May 2017, the court found Frazier guilty of the charges set forth above. The court imposed sentence in July 2017. Frazier timely filed a post-sentence motion, which was denied. Thereafter, Frazier timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement; the court issued a responsive opinion.

Frazier raises the following issues on appeal:

1. Whether the evidence was insufficient to support a conviction for [a]ggravated [a]ssault as to Dar[r]yl Johnson because the evidence construed in the light most favorable to the Commonwealth failed to prove that Mr. Frazier (a) attempted to cause serious bodily injury or (b) attempted to cause bodily injury with a deadly weapon[;]

- 4 -

2. Whether the evidence was insufficient to support a conviction for [a]ggravated [a]ssault as to A.J., Shakira Johnson (Shake[e]ra Coleman)[,] and Ronette Coleman because the evidence construed in the light most favorable to the Commonwealth failed to prove that Mr. Frazier (a) attempted to cause serious bodily injury or (b) attempted to cause bodily injury with a deadly weapon[;]

3. Whether the convictions for [d]ischarging a firearm into an occupied structure and [a]ggravated [a]ssault as to A.J., Shakira Johnson (Shake[e]ra Coleman)[,] and Ronette Coleman were against the weight of the evidence as the testimony of [Ronette] Coleman regarding the discharge of a firearm into the structure was belied by all other evidence presented at trial[; and]

4. Whether the conviction for [t]erroristic [t]hreats was against the weight of the evidence because the surrounding circumstances, although not absolutely precluding a finding that [Frazier] intended to terrorize, suggest by their overwhelming weight that [Frazier] lacked a settled purpose to terrorize the police officer and instead made a spur-of-the-moment threat resulting from transitory anger prompted by a false allegation he overheard.

Frazier's Br. at 8-9.

In his first two issues, Frazier challenges the sufficiency of the evidence against him. Our standard of review is as follows:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder

- 5 -

unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Izurieta***, 171 A.3d 803, 806 (Pa.Super. 2017) (quoting

***Commonwealth v. Rodriguez***, 141 A.3d 523, 525 (Pa.Super. 2016)).

First, Frazier challenges his conviction for aggravated assault, asserting that the Commonwealth failed to establish that he attempted to cause Darryl Johnson serious bodily injury.[2]  Frazier's Br. at 15.  According to Frazier, the paucity of evidence forced the factfinder to rely on "impermissible speculation."  ***Id.***  In particular, Frazier challenges the Commonwealth's theory at trial, namely that he attempted to shoot Johnson, but the gun misfired.  ***Id.***  According to Frazier, based on the evidence presented, it was equally plausible that he merely "dry fired" the gun.  ***Id.***  If the gun was unloaded when he pulled the trigger, Frazier concludes, his conviction cannot stand.  ***Id.*** at 17-18.

> [A] person may be convicted of aggravated assault, graded as a felony of the first degree, if he/she "attempts to cause serious bodily injury to another, or causes such injury intentionally,

---

[2] In the alternative, Frazier suggests that the evidence was insufficient to establish that he attempted to cause Darryl Johnson bodily injury with a deadly weapon.  Frazier's Br. at 8, 17.  In its opinion, the trial court analyzed Frazier's sufficiency claim under 18 Pa.C.S.A. § 2702(a)(4) (aggravated assault with a deadly weapon).  ***See*** Trial Ct. Op. at 5 (unpaginated). This portion of the court's analysis is in error.  Frazier was charged and convicted of "attempt[ing] to cause serious bodily injury to another."  Information filed at Dkt. No. CP-51-CR-0007214-2015, 07/29/2015.  Thus, we shall analyze Frazier's claim under 18 Pa.C.S.A. § 2702(a)(1).  We may affirm the trial court notwithstanding its error.  ***See, e.g., Commonwealth v. Green***, 149 A.3d 43, 54 (Pa.Super. 2016) (observing that we may affirm the trial court on any valid basis).

- 6 -

knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1).  Further, the Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S.A. § 2301.  "For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Gruff*, 822 A.2d 773, 776 (Pa.Super. 2003), *appeal denied*, 863 A.2d 1143 (2004).  "A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result." *Commonwealth v. Sanders*, 627 A.2d 183, 186 (Pa.Super. 1993), *appeal denied*, 634 A.2d 220 (1993), *quoting* 18 Pa.C.S.A. § 302(b)(1)(i).  "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Gruff*, 822 A.2d at 776.  Accordingly, we recognize that "[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Id.*

*Commonwealth v. Matthews*, 870 A.2d 924, 928-29 (Pa.Super. 2005) (some internal citations modified or omitted).  Though a factfinder must examine the attendant circumstances of any particular incident, we have consistently held that an aggravated assault occurred "where the defendant has both drawn and fired (or drawn and misfired) a gun." *Id.* at 929 (citing, *e.g.*, *Commonwealth v. Chance*, 458 A.2d 1371, 1374 (Pa.Super. 1983)).

Here, Frazier's claim is devoid of merit.  Ronette Coleman testified that she observed Frazier shoot at her car repeatedly.  Notes of Testimony (N.T. Vol.1), 05/15/2017, at 23-24.  Clearly, at this point, Frazier's gun was loaded. *See, e.g.*, N.T. Vol.1 at 74 (testimony from Ofc. Michael Chartreau, observing that Ms. Coleman's car had sustained "multiple bullet strikes").  According to

Ms. Coleman, Frazier then pointed his firearm at Mr. Johnson's head, and she observed him "pulling the trigger." *Id.* at 24. In addition to this testimony, the Commonwealth presented stipulated evidence that police recovered a bullet from a pocket in the hoodie worn by Frazier "with an apparent strike or hammer mark on the primer." N.T. Vol.1 at 115-16. This evidence, too, supports an inference that Frazier attempted to shoot a loaded gun at Mr. Johnson.

The factfinder was free to infer from these facts that Frazier's gun misfired when he attempted to shoot Mr. Johnson in the head. Thus, the evidence was sufficient to establish Frazier attempted to cause serious bodily injury to Mr. Johnson. *See, e.g.*, *Chance*, 458 A.2d at 1374-75 (finding evidence sufficient where victim heard defendant's gun "click" during struggle); *Commonwealth v. Bond*, 396 A.2d 414, 416 n.2 (Pa.Super. 1978) (same).

Second, Frazier challenges the remaining convictions for aggravated assault, asserting that the Commonwealth failed to establish his intent to cause serious bodily injury to Ms. Coleman, A.J., and Shakeera Johnson. Frazier's Br. at 19. According to Frazier, the shot he fired entered Ms. Coleman's home via a "window above the front door." *Id.* (emphasis removed). As the shot was directed above the heads of the victims, Frazier concludes, the evidence of his intent was insufficient. *Id.*

We disagree. This Court has held previously that the evidence of intent was sufficient "when the accused has fired a gun into a building he knew was

occupied." ***Commonwealth v. Rosado***, 684 A.2d 605, 610 (Pa.Super. 1996) (finding evidence sufficient where defendant fired into lighted second story windows of victim's home); ***Commonwealth v. Hunter***, 644 A.2d 763, 764 (Pa.Super. 1994) ("The intent to do serious bodily harm can be inferred in the act of discharging a firearm into an occupied home."), *appeal denied*, 668 A.2d 1125 (1995). Here, Ms. Coleman's testimony established that Frazier arrived at her home, fired several more shots at her car, then, as she, A.J., and Ms. Johnson fled into the home, Frazier fired at least one shot after them, striking the window above the front door. N.T. Vol.1 at 32-33. "Because there exists the probability that a person in the home could be harmed if someone were to shoot into the home, an attempt to cause serious bodily harm to such a person can be inferred." ***Hunter***, 644 A.2d at 764. Thus, Frazier's claim is without merit. ***Id.***

In Frazier's third and fourth claims, he challenges the weight of the evidence supporting several of his convictions.

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice.
>
> . . .
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court: [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa.Super. 2014) (some formatting applied; internal quotation marks and citations omitted; some emphasis removed).

In his third issue, Frazier asserts that his convictions for aggravated assault as to Ms. Coleman, A.J., and Ms. Thompson, as well as his conviction for discharging a firearm into an occupied structure, were against the weight of the evidence. Frazier's Br. at 20. According to Frazier, "there was absolutely no physical evidence" to corroborate Ms. Coleman's testimony. *Id.* at 21 (emphasis removed). Thus, according to Frazier, a new trial is necessary. *Id.* at 22.[3]

_____

[3] We admonish Frazier that his failure to cite legal authority in support of this argument risks waiver. *See Commonwealth v. Johnson*, 985 A.2d 915,

- 10 -

We reject the implication of Frazier's assertion—that a verdict based on credible, eyewitness testimony unsupported by corroborating physical evidence must shock one's sense of justice. *See Commonwealth v. Rodriguez*, 174 A.3d 1130, 1140 (Pa.Super. 2017) (rejecting "broad assertion" that verdict is "inherently suspicious or unreliable" where based on single eyewitness). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Lambert*, 795 A.2d 1010, 1014 (Pa.Super. 2002) (*en banc*).

Moreover, here, Ms. Coleman's credible testimony was corroborated by additional testimony and pictorial evidence that a bullet pierced the window above her front door. *See* N.T. Vol.1 at 38-39 (testimony from Ms. Coleman confirming pictorial evidence of physical damage to window); 74 (testimony from Ofc. Michael Chartreau, "I observed a bullet hole in the window above the door."). In light of this evidence, we discern no abuse of the trial court's discretion in denying Frazier's weight claim. *Orie*, 88 A.3d at 1015.

Finally, in his fourth claim, Frazier challenges the weight of the evidence supporting his conviction for terroristic threats.

> [A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim

_____

924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also* Pa.R.A.P. 2119(a).

- 11 -

will result in waiver, even if the trial court addresses the issue in its opinion.

*Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa.Super. 2014) (internal quotation marks and citations omitted).

In his post-sentence motion, Frazier asserted that "[t]he verdict was so contrary to the evidence as to shock one's sense of justice." Motion for Extraordinary Relief, 08/04/2017, at ¶5. The preliminary assertions in his motion brought this bald claim into focus, however, clarifying that Frazier sought to challenge the weight of evidence supporting his aggravated assault convictions as to Ms. Coleman, A.J., and Ms. Thompson. *See* Motion for Extraordinary Relief at ¶2 (asserting Commonwealth only presented eyewitness testimony from Ms. Coleman), ¶3 (asserting physical evidence contradicted Ms. Coleman's testimony), ¶4 (asserting Ms. Coleman's testimony unreliable). To be clear, Ms. Coleman did not testify regarding allegations that Frazier threatened Officer Banach. Any challenge to her credibility would be irrelevant to the charge of terroristic threats.

In his Pa.R.A.P. 1925(b) statement, Frazier specifically challenged the weight of the evidence supporting the conviction for terroristic threats. Frazier's Pa.R.A.P. 1925(b) Statement, 02/12/2018, at 2 ¶4. However, this was insufficient to preserve the challenge for appellate purposes.

In *Thompson*, for example, the appellant was convicted of one count of possession with intent to deliver a controlled substance. *Thompson*, 93 A.3d at 482. The appellant failed to preserve a weight claim in a post-

sentence motion. *Id.* at 490. Pursuant to Pa.R.A.P. 1925, the appellant raised, and the trial court addressed the weight of the evidence supporting the conviction. *Id.* Nevertheless, we declined to address the merits. *Id.*

> "[A]ppellate review [of a weight claim] is limited to whether the trial court palpably abused its discretion...." ***Commonwealth v. Champney***, 574 Pa. 435, 832 A.2d 403, 408 (2003). Here, the trial court never 'ruled' on the issue and, therefore, it could not grant nor deny the claim at the time it was first raised by Appellant in his concise statement. Although the court addressed the issue's merits in its Rule 1925(a) opinion, the trial court was, by that time, divested of jurisdiction to take further action in the case. ***See*** Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Thus, the trial court was never given the opportunity to provide Appellant with relief and, consequently, there is no discretionary act that this Court could review. Appellant's weight of the evidence claim is waived.

*Id.* at 490-91.

Here, Frazier did not preserve properly a challenge to the weight of the evidence supporting his conviction for terroristic threats. Although he specified the claim in his court-ordered Pa.R.A.P. 1925(b) statement, the trial court was without jurisdiction to exercise its discretion and evaluate the merits. Thus, there is no discretionary act subject to our review. For these reasons, we conclude that Frazier has waived this claim. *Id.*

Absent waiver, we note that Frazier's argument is not persuasive. According to Frazier, the circumstances surrounding the charge of terroristic threats suggest that he lacked a "settled purpose" to terrorize Officer Banach. Frazier's Br. at 22 (citing in support ***Commonwealth v. Kidd***, 442 A.2d 826

- 13 -

(Pa.Super. 1982)). Frazier acknowledges that he verbally threatened the officer. *See id.* at 22 (quoting testimony indicating that Frazier threatened to "shoot" and to "kill" Ofc. Banach). However, Frazier points out that he was confined to a holding cell at the time, implying that it was impossible to carry out his threats, and suggests that "the statements were made out of anger rather than a desire to terrorize." *Id.* at 23.

In our view, Frazier's reliance on *Kidd* is misplaced. In that case, the defendant was arrested for public drunkeness. *Kidd*, 442 A.2d at 827. While exiting the police car, he fell in the street, receiving a cut above his eye. *Id.* Police took him to a local hospital for treatment. *Id.* While there, he shouted obscenities at police and threatened to shoot them with a machine gun, this despite the facts that such an assault was impossible, as his hands were cuffed behind his back, and he had no access to a firearm. *Id.* The defendant was convicted of terroristic threats, but on appeal, this Court deemed the evidence of his intent to terrorize insufficient. *Id.*

In so doing, we acknowledged that "the present ability to inflict harm is not required", but we also noted that the purpose of 18 Pa.C.S.A. § 2706 was to impose criminal liability on persons who seriously threaten personal security or public convenience, "not to penalize mere spur-of-the-moment threats [that] result from anger." *Id.* (citations omitted). Citing evidence of his obvious inebriation and agitated state of mind, we concluded "[t]he record evince[d] that his conduct expressed transitory anger rather than a settled purpose to carry out the threat or to terrorize the other person." *Id.*

- 14 -

Preliminarily, we observe that the issue before the **Kidd** court was one of sufficiency not weight. **Id.** at 826. As Frazier challenges the weight of the evidence, he has conceded that the Commonwealth established each element of the crime of terroristic threats, including the requisite intent to commit that offense. **See Orie**, 88 A.3d at 1015.

Substantively, there are obvious similarities to the facts present in **Kidd**: Frazier was angry; he shouted obscenities and verbally threatened a police officer; but he had no "present ability" to shoot Officer Banach. However, these facts do not fully describe the criminal conduct established at Frazier's trial. First, the evidence established that, over the course of one afternoon, Frazier engaged in repeated, violent acts involving a firearm. This conduct alone suggests that Frazier's anger was not merely transitory. Second, and more importantly, Frazier's verbal threats directed at Officer Banach were accompanied by physical conduct. Though confined to a holding cell and without access to a firearm, testimony established that Frazier lunged at Officer Banach and tried to grab him through the cell's bars. **See** N.T. Vol.1 at 126-27. In our view, the evidence established not only a settled purpose to carry out his threat, but an actual attempt to cause Officer Banach harm. Thus, even were we to review Frazier's claim on the merits, we would deny him relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/18