J-S23010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY D. ADAMS, | |
| Appellant | No. 930 WDA 2018 |

Appeal from the Judgment of Sentence Entered November 16, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000854-2015

BEFORE:  BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 12, 2019**

Appellant, Gregory D. Adams, appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 10 to 20 years' incarceration, imposed after a jury convicted him of one count of aggravated assault, three counts of recklessly endangering another person, and one count of possessing an instrument of crime.  Appellant also entered a guilty plea to a single count of possession of a firearm by a person prohibited, which had been severed from his other charges.  After careful review, we affirm.

On appeal, Appellant presents three issues for our review:

A. Whether there was insufficient evidence as a matter of law to sustain the guilty verdicts of aggravated assault and reckless endangerment[,] in that none of the occupants of the vehicle

_____

[*] Retired Senior Judge assigned to the Superior Court.

were injured[,] nor did [Appellant] form the specific intent to cause injury to any of said occupants of the vehicle?

B. Whether there was insufficient legal and factual predicate to grade the aggravated assault charges in the first degree[,] given the absence of specific intent of [Appellant] to injure any of the occupants of the vehicle and his voluntary intoxicat[ion] … at the time of the incident?

C. Whether it was an abuse of discretion and legal error to permit the possession of a prohibited firearm charge to be severed and then reinstated by the Commonwealth[,] thereby resulting in [Appellant's] entry of a guilty plea subsequent[] to the reinstated and severed charge?

Appellant's Brief at 2.

Initially, we conclude that Appellant has waived his issues for our review. Appellant combines his first two issues into one argument and cites no relevant legal authority to support those sufficiency claims. Indeed, Appellant does not even set forth the elements of the offenses for which he is claiming the Commonwealth's evidence was insufficient, or provide any law regarding the voluntary intoxication defense that he insists was proven in this case. **See** Appellant's Brief at 4-6. Additionally, Appellant's entire analysis for his third issue consists of two sentences. **See id.** at 6. Based on Appellant's undeveloped arguments, we deem his issues waived. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief

impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Notwithstanding waiver, we would conclude that Appellant's issues are meritless. We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted opinion of the Honorable William R. Cunningham of the Court of Common Pleas of Erie County. We would conclude that Judge Cunningham's well-reasoned opinion accurately disposes of the issues presented by Appellant. Accordingly, had Appellant preserved his issues for our review, we would adopt Judge Cunningham's opinion as our own and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2019

- 3 -

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS
                                 : OF ERIE COUNTY, PENNSYLVANIA

v.                        : CRIMINAL DIVISION
                                   :

GREGORY D. ADAMS, APPELLANT     : NO. 854 OF 2015

## 1925(a) OPINION

Appellant, Gregory Adams, filed an Appeal Nunc Pro Tunc on June 26, 2018 from the judgment of sentence entered November 16, 2015. This Opinion is in response to the Concise Statement of Matters Complained of on Appeal filed July 16, 2018.

## BACKGROUND

Appellant was convicted by a jury on July 22, 2015 of one count of Aggravated Assault, three counts of Recklessly Endangering Another Person, and one count of Possessing Instrument of Crime.[1] Three counts of Criminal Attempt were withdrawn. Count 10 – Possession of Firearm, 18 Pa.C.S.A. §6105(a)(1), was severed from the trial *sub judice* and Appellant subsequently entered a guilty plea to the charge on November 9, 2015.

The charges arose in the late evening and early morning hours of December 25, 2014 and December 26, 2014, when Appellant fired a revolver multiple times into an occupied vehicle in the driveway at 557 Conti Drive in Millcreek Township, Erie, Pennsylvania. *Trial Transcript (T.T.), July 21, 2015, pp. 36-40.* Present in the vehicle were Shannon Jones, Jamal Page and Tammy Page. *T.T. pp. 76-77, 79.* Appellant was related to Shannon Jones, Jamal Page and his wife, Tammy Page. *T.T. pp. 72, 75-76.*

The parties had been at a family Christmas party at the Page's home where Appellant had been drinking. *T.T. pp. 93-94.* At the end of the party, Tammy and Jamal Page gave Appellant a

---

[1] 18 Pa.C.S.A. §2702(a)(1); 18 Pa.C.S.A. §2705; and 18 Pa.C.S.A. §907(a), respectively.

1

ride home to his trailer on Conti Drive. *T.T. p. 94.* Tammy Jones was driving, Jamal Jones was in the front passenger seat, Shannon Jones and Appellant were in the back seat of the vehicle. *T.T. pp. 59, 95.* An argument arose between Appellant and Jamal Jones on the way to Appellant's home. *T.T. pp. 107,143, 144.*

Upon arrival at Appellant's trailer, Appellant exited the vehicle and entered his home. Shannon Jones carried some bags to Appellant's door and then returned to the vehicle. *T.T. pp. 97-98.* Shannon Jones laid down on the back seat of the vehicle. *T.T. pp. 62-63.* With the vehicle still in Appellant's driveway, Appellant come out of his trailer waving a gun. *T.T. pp. 99, 141-43.* Appellant shot at the windshield and rear passenger window of the vehicle. *T.T. p. 100.* The front windshield had two gunshot holes, and the rear passenger window had one gunshot hole. *T.T. p. 100.* Tammy Jones and the two passengers left the trailer park and went to a nearby plaza where they called the police. *T.T. p. 103.* The police found shattered car glass on the ground in Appellant's driveway and spent shell casings in his trailer. *T.T. pp. 117, 120, 125.* None of the occupants of the vehicle was injured.

At trial, Appellant proffered a voluntary intoxication defense in mitigation of the recklessness of his actions. Appellant claimed his intent was merely to scare his nephew, Jamal Jones. Appellant admitted he was drunk, he was recklessly waving the gun about and he fired the shots which hit the occupied vehicle:

> **THE COMMONWEALTH:** ...You were recklessly waving your hand with a gun and you put two shots through the window. And you can see right behind those bullet holes - - or those bullet strikes that seats are right there and headrests are right there. Can you agree with me that's what that photo shows? Is that what that photo shows?

> **THE DEFENDANT:** Sir, I was drunk and under the influence of medication at the time. I did not intend to - - want to hurt anybody. I wanted to scare the hell out of my nephew [Jamal Jones] for what he said (unintelligible). .. I just wanted to scare the hell out of my nephew and I didn't want to hurt - - I was drunk. We

2

were all drunk and under the influence. And I was on medication from the doctor from Health Net. I couldn't hurt anybody if I tried (unintelligible).

***

**THE COMMONWEALTH:** You would agree with me that after - - after the bullet went off twice and went into the, you know -- - struck the windshield, that's going to scare people, right?

**THE DEFENDANT:** I didn't - -

**THE COMMONWEALTH:** Yes or no? Would that be scary, two bullets striking the windshield?

**THE DEFENDANT:** No, I didn't intend to strike the windshield.

**THE COMMONWEALTH:** You didn't intend to strike the windshield?

**THE DEFENDANT:** No.

**THE COMMONWEALTH:** Okay. You didn't intend to shoot out this window [rear passenger] either, did you?

**THE DEFENDANT:** No, sir, I didn't. I didn't attempt to shoot it. I was just waving.

**THE COMMONWEALTH:** Now, you didn't attempt to shoot?

**THE DEFENDANT:** I was waving - - recklessly just shooting.

**THE COMMONWEALTH:** You were just waving the gun?

**THE DEFENDANT:** Yes. And I fired it.

**THE COMMONWEALTH:** It just went off?

**THE DEFENDANT:** I admit to it, I fired it.

**THE COMMONWEALTH:** You pulled the trigger, right?

**THE DEFENDANT:** Yes.

**THE COMMONWEALTH:** You know what a gun does, right?

**THE DEFENDANT:** Yes, I know what it can do.

3

**THE COMMONWEALTH:** Okay. And you pulled the trigger and you shot out this back window; is that right?

**THE DEFENDANT:** That's what it appears that's what happened.

*T.T. pp. 141-143 (Emphasis added).*

On November 16, 2015, Appellant was sentenced to an aggregate term of 10 – 20 years of incarceration as follows:

**Count 4:** Aggravated Assault (Jamal Page)(F-1): 7 to 14 years of incarceration;
**Count 7:** Recklessly Endangering Another Person (Jamal Page): Merges with Count 4;
**Count 8:** Recklessly Endangering Another Person (Tammy Page): 1 to 2 years of incarceration consecutive to Count 4;
**Count 9:** Recklessly Endangering Another Person (Shannon Jones): 1 to 2 years of incarceration consecutive to Count 8;
**Count 10:** Person not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms: 4 to 8 years of incarceration concurrent with Count 4; and
**Count 11:** Possessing Instruments of Crime: 1 to 2 years of incarceration consecutive to Count 9.

Appellant filed a Motion for New Trial and /or Arrest of Judgment Nunc Pro Tunc on May 29, 2018. Appellant raised the following claims in the post-sentence motion:

A. The evidence was insufficient to sustain the guilty verdicts of aggravated assault and reckless endangerment in that none of the occupants of the vehicle were injured nor did the Defendant form the specific intent to cause injury to the occupants of the vehicle.

B. There was an insufficient legal and factual predicate to grade the aggravated assault charge in the first degree given the absence of specific intent of the Defendant to injure any of the occupants of the vehicle and his voluntary intoxicated state at the time of the incident.

C. It was an abuse of discretion and legal error to permit the possession of a prohibited firearm charge to be severed and then reinstated by the Commonwealth thereby resulting in the Defendant's entry of a guilty plea subsequently to the reinstated and severed charge.

*Motion for New Trial and/or Arrest of Judgment Nunc Pro Tunc, May 29, 2018, p. 2.*

The post-sentence motion nunc pro tunc was denied May 30, 2018. Appellant timely filed a direct appeal with the Superior Court of Pennsylvania on June 28, 2018 at Superior Court Docket Number 930 WDA 2018, and a Concise Statement of Matters Complained of on Appeal on July 16, 2018. The Concise Statement reiterates the post-sentence claims for appellate review. Appellant's claims will be analyzed *seriatim*.

## SUFFICIENCY OF THE EVIDENCE

When evaluating a challenge to the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the Commonwealth as the verdict winner. *Com. v. Hargrave*, 745 A.2d 20, 22 (Pa. Super. 2000), *appeal denied*, 563 Pa. 683, 760 A.2d 851 (2000) (internal citations omitted). Evidence will be deemed sufficient when it establishes each material element of the crime charged, and the commission thereof by the accused, beyond a reasonable doubt. *Com. v. Jones*, 874 A.2d 108, 120-21 (Pa. Super. 2005).

First, Appellant challenges the sufficiency of the evidence to sustain the guilty verdicts of Aggravated Assault and Recklessly Endangering Another Person as none of the occupants of the vehicle was injured. This contention is without merit. Neither the crime of Aggravated Assault nor Recklessly Endangering Another Person requires proof that serious bodily injury was inflicted but only that an attempt was made to cause such an injury. *See* 18 Pa.C.S.A. §2702(a)(1); 18 Pa.C.S.A. §2705.

An intent to cause serious bodily injury may be shown by the circumstances surrounding the incident. *Com. v. Elrod*, 572 A.2d 1229 (1990). In this case, the intent to do serious bodily harm can be inferred by the act of Appellant discharging a loaded firearm into a vehicle he knew to be occupied. *See Com. v. Hunter*, 644 A.2d 763 (Pa. Super. 1994). The evidence was

5

sufficient to sustain the convictions though the occupants of the vehicle did not sustain bodily injury. Appellant placed the occupants of the vehicle in danger of death or serious bodily injury by firing a loaded gun into the occupied vehicle for purposes of Aggravated Assault and Recklessly Endangering Another Person.

Next, Appellant claims he was too intoxicated to form the specific intent to cause injury to the occupants of the vehicle. The defense of voluntary intoxication is a limited defense which does not exculpate the defendant from criminal liability entirely, but instead negates the element of specific intent. *Com. v. Taylor,* 876 A.2d 916 (Pa. 2005). A defendant asserting the defense of voluntary intoxication admits responsibility for the underlying action, but contests the degree of culpability based on his inability to formulate the requisite mental state. *Com. v. Jones,* 651 A.2d 1101, 1109 (Pa. 1994). In this case, Appellant admits the underlying action and contests the degree of culpability based on his degree of voluntary intoxication. Appellant's argument is unpersuasive.

18 Pa.C.S.A. §308 provides:

Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant **to reduce murder from a higher degree to a lower degree of murder.**

(Emphasis added.)

Here, Appellant's reliance on the defense of voluntary intoxication is misplaced as Appellant was not convicted of any degree of murder.

Assuming *arguendo* that the defense of voluntary intoxication could apply to Appellant's convictions, the jury nonetheless found this assertion to be unpersuasive.

6

The mere fact of voluntary intoxication does not give rise to a diminished capacity defense. In order to prove diminished capacity due to voluntary intoxication, a defendant must show that he was overwhelmed to the point of losing his faculties and sensibilities. *Com. v. Padilla*, 80 A.3d 1238, 1263 (Pa. 2013). Though Appellant testified he had voluntarily consumed alcohol and medication, the jury concluded Appellant had not been overwhelmed or overpowered by alcohol and medication sufficient to establish diminished capacity to the point he could not form the element of intent.

It is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence adduced. *Com. v. Williams*, 176 A.3d 298 (Pa. Super. 2017). The jury, as the factfinders, is free to accept all, part, or none of the evidence, including the testimony of each witness. *Com. v. Johnson*, 542 Pa. 384, 668 A.2d 97, 101 (1995). Credibility determinations are reserved exclusively for the jury. *Com. v. Davis*, 518 Pa. 77, 82, 541 A.2d 315, 317 (1988). In this case, the jury found Appellant failed to prove a defense of diminished capacity based on voluntary intoxication.

## SUFFICIENCY OF THE CRIMES

### I. AGGRAVATED ASSAULT

Aggravated Assault, 18 Pa.C.S.A. §2701(a)(1), is defined and graded as:

**(a) Offense defined.**--A person is guilty of aggravated assault if he:
(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. ... Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree.

Appellant asserts he did not possess a specific intent to harm Jamal Jones but only intended to scare him. This assertion is more properly an argument of factual inference which

7

was addressed to the jury. The jury was also free to believe or disbelieve the evidence presented regarding the defendant's level of intoxication at the time of the offense. *Com. v. Tucker*, 406 A.2d 785 (Pa. Super. 1979). The jury chose not to find Appellant was intoxicated to the point of negating the specific intent of the crime.

In *Com. v. Hunter*, 434 Pa.Super. 583, 644 A.2d 763 (1994), the Superior Court made clear that a specific intent to injure can be inferred from the circumstances of firing a gun into an occupied house where no bodily injury occurred. The same rule of law applies to the firing of a weapon into an occupied vehicle. *Com. v. Woods*, 710 A.2d 626 (Pa.Super. 1998). There is even greater reason to reach a similar result herein. Unlike Hunter, to the Appellant's knowledge he shot a gun at close range toward three people seated in a vehicle he just departed. Aggravated assault does not require proof that serious bodily injury was inflicted but only that an attempt was made to cause such injury.

The jury could find the necessary intent to support an aggravated assault charge from Appellant's admission he fired his weapon into a vehicle he knew was occupied. As such, Appellant's challenge to the sufficiency of the evidence is without merit.

## II. RECKLESSLY ENDANGERING ANOTHER PERSON

The elements of Recklessly Endangering Another Person are: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. §2705. "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. §2301.

8

To sustain a conviction, the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. *Com. v. Thomas,* 879 A.2d 246 (Pa. Super. 2005). Danger, not merely the apprehension of danger, must be created. *Com v. Cianci,* 130 A.3d 349 (Pa. Super. 2015). The *mens rea* for Recklessly Endangering Another Person is a conscious disregard of a known risk of death or great bodily harm to another person. *Com. v. Hopkins,* 747 A.2d 910, 915-16 (Pa. Super. 2000) (citations and quotations omitted).

In this case, Appellant testified he had a gun and he fired the gun at an occupied vehicle where Jamal Page was seated in the front passenger seat. Appellant had the present ability to inflict harm and created a dangerous situation by recklessly waving around a loaded weapon. As a matter of common sense, a fired gun can kill, maim, impair or permanently disfigure a person. Without question, Appellant created a dangerous situation for Jamal Page. Jamal Page apprehended the dangerous situation he was in after the first shot hit the windshield. *T.T. p. 80.* After the first shot, Tammy Page immediately backed out of Appellant's driveway to escape the dangerous situation caused by Appellant. *T.T. p. 80, 103.* That is when Appellant shot at the rear passenger window. *T.T. p. 81.* Accordingly, Appellant acted with a conscious disregard of a known risk of death or great bodily harm to the occupants in the vehicle.

As noted above, the defense of voluntary intoxication does not apply to mitigate the degree of Recklessly Endangering Another Person. Even still, the jury rejected Appellant's proffered defense of voluntary intoxication in mitigation of the required *mens rea* of Recklessly Endangering Another Person. The elements of the crime were proved beyond a reasonable doubt.

## WHETHER THE AGGRAVATED ASSAULT CHARGE WAS PROPERLY GRADED

The evidence was sufficient to prove the crime of Aggravated Assault as a first degree felony pursuant to 18 Pa.C.S.A. § 2702(a)(1). The Commonwealth proved and the jury found Appellant acted recklessly under circumstances manifesting extreme indifference to the value of human life by firing a loaded gun at an occupied vehicle. The statute provides that Aggravated Assault under section 2702(a)(1) is a first degree felony. Therefore, the crime was properly graded.

## THE SEVERED FIREARMS CHARGE

Appellant claims it was error or an abuse of discretion to permit the possession of a prohibited firearm charge to be severed and then reinstated by the Commonwealth thereby resulting in the Defendant's entry of a guilty plea subsequent to the reinstated and severed charge.

The claim is unclear given the procedural history of the firearms charge. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. *Com. v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007). The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. *Id.* Thus, if a concise statement is too vague, the court may find waiver. *Id.* As the precise issue cannot be discerned, the claim is waived.

Assuming *arguendo* the claim is not waived, it appears Appellant misapprehends what occurred with the firearms charge. The firearms charge was severed. The charge was not withdrawn and reinstated by the Commonwealth, as misstated by Appellant. The firearms charge was properly severed from the trial to avoid prejudice to Appellant. The claim lacks any

10

meaningful articulation consistent with the facts of the case. The claim is waived and/or meritless.

## CONCLUSION

For the reasons stated herein, Appellant's claims are waived and/or are meritless. The evidence was sufficient to sustain the Appellant's convictions. Appellant failed to establish voluntary intoxication in mitigation of his culpability.

BY THE COURT:

DATE: 9/27/18

WILLIAM R. CUNNINGHAM, JUDGE

cc:    District Attorney's Office
William J. Hathaway, Esquire, 1903 West 8th Street, PMB #261, Erie, PA 16505