**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Cathy M. MASTROMATTEO, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1998.

Filed Nov. 9, 1998.

William T. Tully, Harrisburg, for appellant.

David P. Wingert, Asst. Dist. Atty., Lebanon, for the Com.

Before CAVANAUGH, POPOVICH and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from a judgment of sentence imposed upon appellant after she was convicted in a non-jury trial of driving under the influence and recklessly endangering another person. Appellant raises two issues for our consideration, whether the evidence was sufficient to prove reckless endangerment beyond a reasonable doubt and whether the court abused its discretion in imposing

sentence? We affirm in part and reverse in part.

In the early morning hours of April 6, 1996, Lebanon City Police Officer Wendy (Dressler) Mannion observed appellant driving her vehicle past Officer Mannion's location. Appellant had been involved in a domestic confrontation with her husband earlier and a call had been placed to the police. Officer Mannion had just completed her response to the call during which appellant's husband had described the vehicle appellant would be driving. Upon observing appellant drive by Officer Mannion began following appellant. Appellant continued to drive in a relatively slow fashion and never came close to any other vehicles, however; appellant drifted over the middle line on three occasions prompting Officer Mannion to effectuate a traffic stop of appellant's vehicle. Upon effectuating the stop Officer Mannion discovered that appellant was accompanied by her young son and that there was also a glass in the front seat which appeared to contain an alcoholic beverage. Since, in addition to the discovery of the alcohol, appellant exhibited signs of being intoxicated, she was requested to submit to field sobriety tests which she failed. Consequently, appellant was arrested and taken to a local hospital for chemical testing of her blood and urine.[1] Chemical analysis revealed a .168 blood alcohol level and 570 nanograms per decilter for marijuana.

Based upon the above appellant was charged with various counts of driving under the influence and a single count of reckless endangerment and found guilty in a non-jury trial of four counts of driving under the influence and one count of reckless endangerment. Post-trial motions were filed and granted in part with the court dismissing two counts of driving under the influence grounded upon controlled substances. All other aspects of the post-trial motions were denied. The present appeal followed.

Appellant asserts that the evidence was insufficient to support a charge of reckless endangerment. We agree. In the present case the Commonwealth seeks to impose criminal liability for reckless endangerment upon appellant for what is essentially an unremarkable offense of driving under the influence. In so stating this we do not wish to trivialize the offense of Driving Under the Influence, which is indeed a serious matter. However, despite any arguments to the contrary, in reality, appellant's driving did not evidence any greater "recklessness" than is seen in most cases of Driving Under the Influence or, to be quite frank, than is commonly seen on an almost daily basis driving around town or to the local mall by so-called "sober" drivers. Thus, the Commonwealth essentially wishes to impose reckless endangerment liability upon appellant based solely upon the fact that she was driving while legally intoxicated.[2] In other words, the Commonwealth would have us hold that driving under the influence, without more, equates to *per se* recklessness sufficient to support a conviction for reckless endangerment.

The Commonwealth provides us with no cases that have held that driving under the influence, without more, constitutes recklessness sufficient to sustain a reckless endangerment charge. *Commonwealth v. Scofield*, 360 Pa.Super. 552, 521 A.2d 40 (Pa.Super.1987), may be the closest case to do so, but that case involves substantially more than simply driving under the influence. In *Scofield* the appellant was found to have operated his vehicle in "an intentionally reckless manner." In so doing Scofield engaged in driving conduct which created a much more immediate and substantial risk of injury to other people and, in fact, did cause serious injury to another. Just as importantly, "[h]aving lost control of his vehicle before the collision, he continued to drive, thus manifesting 'an extreme indifference to human life,' including his own." We would add that in so doing he also consciously disregarded

---

**1.** Appellant's husband had indicated to Officer Mannion that appellant frequently used marijuana.

**2.** It would appear that the factual basis for the charge of reckless endangerment was also grounded upon the fact that appellant had her son in the car.

the substantial risk of injury or death he was creating.

In *Commonwealth v. O'Hanlon*, 539 Pa. 478, 653 A.2d 616 (1995), our Supreme Court rejected an analogously similar attempt by the Commonwealth to impose aggravated assault liability upon a drunk driver who caused serious injury to another. Although that case involved a higher degree of criminal culpability/recklessness than does reckless endangerment, the majority apparently disagreed with Justice Papadakos' dissenting view which argued that "driving in a state of voluntary intoxication is recklessness *per se.*" Further, in discussing *Scofield* our Supreme Court felt compelled to discuss the various other aspects found in *Scofield* to support the finding of recklessness. The Court did not evidence an adoption of the theory that driving while intoxicated created *per se* recklessness.

More recently, in *Commonwealth v. Comer*, —— Pa. ——, 716 A.2d 593 (1998), the Court again rejected an attempt to impose aggravated assault liability upon a driver who caused injury to one individual (and death to another) when struck by Comer's vehicle while waiting for a SEPTA bus. The appellant lost control of his vehicle and ran into a bus stand while driving under the influence of alcohol and drugs[3] and in an undeniably reckless manner. In discussing this matter, and the *Scofield* case, the Court stated "[t]he fact that both Appellant and the defendant in *Scofield* drank alcohol and ingested some amount of a controlled substance is not controlling." *Id.*, at ——, 716 A.2d at 597. The Court, while concluding that the appellant's conduct did not meet the level of recklessness necessary for aggravated assault did conclude that there was a sufficient basis for finding the lesser degree of "reck-

lessness" relevant to the offense of reckless endangerment. However, and quite notably, the Court did not discuss or rely in any part upon the appellant's voluntary ingestion of intoxicating substances. Apparently the court found a sufficient basis for reckless endangerment in the appellant's extremely reckless driving prior to the accident.

■ Our reading of the above precedent leads us to conclude that driving under the influence of intoxicating substances does not create legal recklessness *per se* but must be accompanied with other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded. Whether, in this context, the unsafe driving results from diminished judgment, a more cavalier approach to driving or sheer physical incapacitation would seem immaterial, as is the degree to which any of these factors is actually related to the consumption of alcohol or drugs. What is material is actual reckless driving or conduct, for any reason, for it is this conduct which creates the peril in question. Since people vary in their response to alcohol we believe this is a sound principle.[4]

Additionally, no statistical evidence has been proffered to support the conclusion that driving under the influence **alone** creates the degree of risk legally necessary to convict for reckless endangerment. One recklessly endangers another person "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. Under our Criminal Code one acts "recklessly with respect to a material element of an offense when he consciously disregards a **substantial** and unjustifiable risk that the material

---

3. The evidence revealed that Comer drank at least four or five beers and ingested at least one "downer" prior to the accident.

4. Some people may respond to alcohol by driving in a brazen and inherently reckless manner as evidenced by speeding and reckless weaving through traffic such as was found in *O'Hanlon* and *Comer*. Other individuals may not exhibit any distinguishable difference in their driving even though they may be legally intoxicated. Indeed, some more prescient individuals, aware that they have ingested some alcohol, may even

compensate for their consumption by being very cautious in their driving. In short, there is no hard and fast formula for determining the probable effects of alcohol on any given driver or the increased risk of danger that alcohol consumption creates so as to safely conclude that a driver's alcohol consumption will increase the risk of injury sufficiently to establish legal recklessness. Indeed, undoubtedly there are certain drivers who will exhibit safer driving conduct while legally intoxicated than certain drivers do when they are sober.

element . . . will result from his conduct." 18 Pa.C.S.A. § 302(b)(3) (emphasis added). Thus, in order for us to conclude that driving while legally intoxicated results in recklessness *per se* we would have to conclude that driving while legally intoxicated creates a "substantial" risk that death or serious bodily injury will occur. However, this does not necessarily follow.

As unfortunate as it may be and as can be plainly seen upon a visit to a busy nightclub on any given night numerous individuals will operate motor vehicles while legally intoxicated. On the fortunate side of the equation, the overwhelming majority of them will make their way safely home. Although certainly these drivers are more likely to be involved in an accident than if they were completely sober, the percentage chance of them causing injury is still relatively remote and would not create "a substantial risk" of death or serious bodily injury as is found in the relevant sections of the Crimes Code.

Of course, the same can be said of the driver talking on the cell phone or eating a sandwich or adjusting his/her hair in the rearview mirror. Those activities certainly increase the risk of an accident but do not make it so likely that an accident will occur that it is viewed as criminal conduct. Presumably this is precisely why the Commonwealth has not yet been seeking to convict such drivers of reckless endangerment. Although it certainly seems politically correct to crack down on drunk driving and although a drunk driver is more likely to get into a collision than if sober, the percentage chance of an accident is not sufficiently high enough to bring it within the purview of the crime of reckless endangerment unless it is shown that the driver exhibited reckless driving behavior or other indicia of incapacity that would create a substantial likelihood of an accident occurring.

None of this commentary should be construed as condoning or advocating drinking and driving. We are firmly against such practice and favor the criminal sanctions that the legislature has put in place to both discourage and punish this practice. However, neither do we favor attempts of zealous prosecutors and the judiciary to expand criminal definitions to encompass criminal conduct which the offense was not designed for, nor the supplanting of the democratic process that such a practice involves. If the penalties for DUI are thought of as too lenient then the legislature can increase them. If there should be additional offenses tied to DUI, say DUI with a passenger, then they likewise can be implemented by the legislature through the democratic process. However, we are unwilling to impose such value judgments upon the citizens of the Commonwealth by shoehorning conduct into the somewhat broad definitions of certain criminal offenses.

■ Appellant also argues that the court abused its sentencing discretion in sentencing appellant to a thirty day to twenty-three month term of imprisonment for the DUI offense. Appellant suggests that the court erred in not imposing the 48–hour mandatory minimum applicable for a first offense. We disagree. The court noted that although technically the mandatory minimum applicable to appellant was 48 hours this was actually her third offense as appellant had two offenses of DUI more than seven years ago. The court stated on the record that to sentence appellant to 48 hours would be to diminish the fact that she had two prior convictions of DUI. We cannot conclude that this was an abuse of sentencing discretion.

For the above reasons we reverse the conviction of reckless endangerment. In all other respects the judgment of sentence is affirmed.[5]

Judgment of sentence affirmed in part and reversed in part. Jurisdiction relinquished.

CAVANAUGH, J., filed dissenting opinion.

CAVANAUGH, Judge, dissenting:

Because I believe that the evidence in this case is sufficient to sustain a conviction for

---

**5.** Since the court imposed appellant's sentence for reckless endangerment concurrent to her other sentence, and since at sentencing the court discussed only the sentence for DUI, we do not think that reversal of the judgment of sentence for reckless endangerment affects the court's sentencing scheme. As such, we do not perceive a need for a remand for resentencing.

recklessly endangering another person, I respectfully dissent.

The Crimes Code defines the offense of recklessly endangering another person as follows:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705. It further defines the requisite *mens rea:*

A person acts recklessly with respect to a material element of an offense when he *consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.* The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302 (emphasis supplied).

Following a domestic dispute, appellant was reported to be operating a vehicle in a possibly illegal manner. Responding thereto, an officer followed and observed the vehicle being operated slowly and crossing the double yellow line on three occasions. The officer then stopped the vehicle, which was being operated by appellant and was also occupied by her eleven year old son. Neither was wearing a safety belt. At trial, the parties stipulated that, based upon the officer's experience, training and observations, appellant was under the influence of alcohol to a degree which rendered her incapable of safe driving. The parties also stipulated that testing revealed that her blood alcohol level was .168 and that additional testing also revealed the presence of marijuana in her urine.[1]

Based on the totality of the circumstances presented in this case, I believe that the evidence was sufficient to establish each element of reckless endangerment beyond a reasonable doubt. Our decision in *Commonwealth v. Scofield*, 360 Pa.Super. 552, 521 A.2d 40 (Pa.Super.1987) is instructive. There, defendant, while operating his vehicle under the influence of alcohol and a controlled substance, hit a pedestrian, severely injuring him. Defendant was acquitted of DUI but was found guilty of aggravated assault and reckless endangerment.[2] On appeal, a panel of this Court affirmed these convictions and stated:

[T]he fact that some degree of intoxication was present is relevant in considering whether the elements of related offenses have been established. We would hold that the observations of the officer and witness on the record and the evidence from the urinalysis and breathalyzer were sufficient to establish that the defendant was suffering from some degree of alcohol/drug intoxication. While evidence of drinking is alone insufficient to establish driving under the influence, it most certainly may be considered in determining whether [defendant] was driving while consciously disregarding a substantial and unjustifiable risk of injury to others. More specifically, the causal connection between the ingestion of alcohol with or after use of drugs, capable of an enhancement effect beyond what either alone might produce, is culpable recklessness.

*Id.* 521 A.2d at 43 (citations omitted). Appellant operated her vehicle with a blood alcohol level substantially above the legal limit and after she had ingested a controlled substance. It is foreseeable that a person operating a vehicle under these circumstances would imperil the lives of others. The officer's observation of appellant's vehicle crossing the double yellow line three times despite

---

1. We note that the trial court dismissed the counts in the criminal information for driving under the influence of a controlled substance and under the combined influence of alcohol and a controlled substance.

2. In light of our Supreme Court's decisions in *Commonwealth v. O'Hanlon*, 539 Pa. 478, 653 A.2d 616 (1995) and *Commonwealth v. Comer*, 9

E.D. Appeal Docket 1996 (filed August 7, 1998), discussed more fully *infra*, the continued validity *Scofield's* holding, with respect to defendant's conviction for aggravated assault, is questionable. We, nonetheless, conclude that the holding of *Scofield* remains a correct application of the law with respect to reckless endangerment.

travelling at a low rate of speed establishes a nexus between her behavior of driving after ingesting alcohol and controlled substances and the placement of her son in peril from her erratic driving. The danger to her young son was exacerbated by her failure to secure his safety belt. Her behavior amounted to a conscious disregard of a substantial and unjustifiable risk of injuries to others. I believe the facts of this case support the conviction and that further evidence of reckless driving is unnecessary.[3] I would affirm the conviction for reckless endangerment.[4]

3. The majority relies on *Commonwealth v. O'Hanlon* and *Commonwealth v. Comer.* It notes that neither case relied exclusively on the respective defendant's intoxication but rather focused on the reckless driving that occurred prior to the accident. Both of these cases, however, involved convictions for aggravated assault, which requires a degree of recklessness far greater than that required for reckless endangerment. As such, neither *O'Hanlon* nor *Comer* is relevant to the present case. We do note, however, that the respective defendant's intoxication was a factor considered by the court in deciding whether the quantum of recklessness required for an aggravated assault conviction was present. We further note that *Comer* also involved a conviction for involuntary manslaughter, which requires proof of the same degree of recklessness as required for reckless endangerment. Though the court only addressed this issue briefly, its discussion demonstrated the far lesser quantum of recklessness necessary to sustain the conviction. I would find that such a level of recklessness was demonstrated by the Commonwealth in this case.

4. I agree with the majority's disposition of appellant's sentencing issue and would, therefore, affirm the judgment of sentence in all respects.