**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TANYA MUSKELLEY | |
| Appellee | No. 3402 EDA 2014 |

Appeal from the Order Entered November 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015833-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                    **FILED December 18, 2015**

The Commonwealth appeals from the pretrial order entered on November 7, 2014, by the Honorable Lillian H. Ransom, Court of Common Pleas of Philadelphia County, which granted Appellee, Tanya Muskelley's motion *in limine*, and precluded the admission of evidence showing that Muskelley had previously attended alcohol safety school.[1]  We affirm.

The facts and procedural history may be summarized as follows.  On May 3, 2012, Muskelley was driving when she struck a female pedestrian at

---

[1] This appeal properly invokes the jurisdiction of this Court as an interlocutory appeal from an order that terminates or substantially handicaps the prosecution.  The Commonwealth has certified in good faith that the Order substantially handicaps the instant prosecution.  **See** Pa.R.A.P. 311(d).

an intersection. Muskelley's blood alcohol concentration was .201% approximately three hours after the crash, well in excess of the legal limit.

After the crash, the police took Muskelley's car into custody and searched it pursuant to a search warrant. During the search, the police recovered a packet of written materials related to an alcohol safety course that Muskelley had previously attended as part of an ARD program for a prior DUI offense. Included in the packet were course materials, a receipt, and a certificate of course completion.

Following four days of hospitalization, the pedestrian victim died from the injuries she sustained in the crash. Muskelley was subsequently charged with homicide by vehicle,[2] involuntary manslaughter,[3] homicide by vehicle while driving under the influence,[4] and driving under the influence.[5] The charges were bound over for trial after the preliminary hearing.

Thereafter, Muskelley filed the motion *in limine* at issue, which sought to preclude the admission of all evidence regarding her prior DUI arrest and subsequent participation in the ARD program. **See** Defendant's Motion *In Limine*, filed 8/15/14. At the evidentiary hearing, the Commonwealth argued that it was not seeking to admit evidence that Muskelley was previously arrested and placed on ARD, rather it was seeking to admit

---

[2] 75 Pa.C.S.A. § 3732.
[3] 18 Pa.C.S.A. § 2504.
[4] 75 Pa.C.S.A. § 3735.
[5] 75 Pa.C.S.A. § 3802.

evidence that Muskelley had previously participated in alcohol safety school courses in order to show that she had notice of the dangers of drinking and driving. *See* N.T., Motions Hearing, 7/26/14, at 9-13.

After considering the arguments presented, the trial court granted Muskelley's motion *in limine* and precluded the admission of the alcohol safety school records and arrest. Thereafter, the Commonwealth filed a timely interlocutory appeal.

The Commonwealth presents a single issue for our review. The Commonwealth maintains that the trial court erred in excluding the alcohol safety school materials found in Muskelley's car. The Commonwealth asserts that this evidence should have been admitted under Pa.R.E. 404(b)(2). *See* Appellant's Brief, at 12-13. Specifically, the Commonwealth contends that the evidence is relevant to prove Muskelley's *mens rea* of recklessness. *See id*., at 18. The Commonwealth maintains that because Muskelley previously attended alcohol safety school, she had "heightened notice" of the dangers of impaired driving. *Id*.

The trial court reasons that it properly denied the admission of the alcohol safety school materials because the primary reason for seeking the admission of the materials was to establish Muskelley's propensity for driving under the influence of alcohol. *See* Trial Court Opinion, at 4. Moreover, the trial court reasons that that the admission of the materials would be unduly prejudicial and would serve no permissible use. *See id*., at 5.

We preliminary note that our Court reviews the grant of a motion *in limine* by applying the scope of review appropriate to the particular evidentiary matter at issue. **See Commonwealth v. Freidl**, 834 A.2d 638, 641 (Pa. Super. 2003). The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Stallworth**, 781 A.2d 110, 117 (Pa. 2001) (citation omitted). "[O]ur scope of review is limited to an examination of the trial court's stated reason for its decision to preclude the admission of the evidence in the Commonwealth's case-in-chief." **Commonwealth v. Dillon**, 863 A.2d 597, 600 (Pa. Super. 2004) (en banc) (citation omitted), **aff'd**, 925 A.2d 131 (Pa. 2005).

Further, "admissibility of evidence depends on its relevance and probative value." **Stallworth**, 781 A.2d at 117. (citation omitted). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable[,] or supports a reasonable inference or presumption regarding a material fact." **Id.**, at 117-118 (citation omitted).

As the trial court noted, it is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. **See Commonwealth v. Hudson**, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not

utilized solely to blacken the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted). Rule 404(b)(2) provides that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Pa.R.E. 404(b)(2). Rule 404(b)(3), however, mandates that other crimes, wrongs, or acts "may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E. 404(b)(3). ***See also Russell***, 938 A.2d at 1092.

To establish convictions for homicide by vehicle while DUI and DUI, the Commonwealth must prove that Muskelley's conduct was criminally negligent. ***See Commonwealth v. Samuels***, 778 A.2d 638, 640 (Pa. 2001). However, to establish convictions for homicide by vehicle and involuntary manslaughter, the Commonwealth must prove that Muskelley's conduct was reckless or grossly negligent and directly resulted in the death of another person. ***See*** 75 Pa.C.S.A. § 3732(a); 18 Pa.C.S.A. § 2504(a). The terms "reckless" and "grossly negligent" define the equivalent state of mind for purposes of the involuntary manslaughter and vehicular homicide provisions. ***See Commonwealth v. Huggins***, 836 A.2d 862, 868 (Pa. 2003).

Under our Criminal Code, "[a] person acts recklessly with respect to a material element of an offense when [s]he consciously disregards a

- 5 -

substantial and unjustifiable risk that the material element exists or will result from h[er] conduct." 18 Pa.C.S.A. § 302(b)(3). Driving under the influence of intoxicating substances does not establish legal recklessness *per se*; there must be "*other tangible indicia of unsafe driving* to a degree that creates a substantial risk of injury which is consciously disregarded." ***Commonwealth v. Mastromatteo***, 719 A.2d 1081, 1083 (Pa. Super. 1998). "What is material is actual reckless driving or conduct, for any reason, for it is this conduct which creates the peril in question." ***Id***.

The Commonwealth contends that the alcohol safety course materials found in Muskelley's car are the "tangible indicia" needed to establish recklessness. We disagree.

Case law in this area unequivocally establishes that the tangible indicia requirement refers solely to *acts of unsafe driving*, such as speeding, which when combined with driving under the influence, rises to the level of recklessness. ***See Commonwealth v. Jeter***, 937 A.2d 466 (Pa. Super. 2007) (*mens rea* of recklessness satisfied where intoxicated driver weaved in and out of other cars for several miles before ultimately losing control of his car and striking the center barrier of the roadway); ***Commonwealth v. Sullivan***, 864 A.2d 1246 (Pa. Super. 2004) (*mens rea* of recklessness satisfied where intoxicated driver drove a quarter mile in the wrong direction on a highway off-ramp).

Clearly, the alcohol safety school materials found in Muskelley's car are not acts of unsafe driving. Thus, we agree with the trial court's decision to exclude this evidence on the basis that the course materials are in no way relevant to establish the *mens rea* of recklessness for the crimes charged. We also agree with the trial court's conclusion that the admission of these materials would be unduly prejudicial and would not serve any permissible purpose. Accordingly, we affirm the trial court's order granting Muskelley's motion *in limine* on this issue.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015