J-S38005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                     :
:
:
RONNY LEE RHINESMITH        :
:
Appellant      :    No. 1198 EDA 2024

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001779-2023

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED JANUARY 13, 2025**

Appellant, Ronny Lee Rhinesmith, appeals from the judgment of sentence imposed by the Court of Common Pleas of Monroe County (trial court) following a non-jury trial. He challenges the sufficiency of the evidence supporting his reckless driving conviction. Upon review, we reverse the conviction, vacate the judgment of sentence and remand for resentencing.

On August 23, 2022, at approximately 2:30 A.M., Trooper Patrick Regan was on routine patrol when he observed a white Jeep Grand Cherokee "stopped past the stop bar at a properly posed stop sign." N.T. Non-Jury Trial, 3/22/24, at 4-6. He followed the vehicle for some time and further observed "sudden deceleration and braking," plus "swaying within [the] lane." *Id.* at 16. As a result, Trooper Regan conducted a traffic stop. *Id.* at 6. Upon

_____

[*] Former Justice specially assigned to the Superior Court.

approaching the vehicle, Trooper Regan noted that the driver, later identified as Appellant, was nervous and sweating profusely despite that the passenger was wearing multiple layers of clothing and not sweating at all. *Id*, at 7. Appellant also had dilated pupils. *Id.*

Trooper Regan believed Appellant was driving under the influence of a controlled substance and asked Appellant to step out of the car to perform standard field sobriety tests ("SFST"). *Id.* Appellant admitted to smoking marijuana about 16 hours earlier. *Id.* Trooper Regan had Appellant complete four SFST and observed indicators of impairment. *Id.* at 8-9. As a result, Appellant was arrested and charged with driving under the influence ("DUI") – controlled substance, DUI – general impairment, duties at stop signs, and reckless driving.

Following a non-jury trial, the trial court found Appellant not guilty of the DUI offenses, but guilty of the summary offenses of duties at stop signs and reckless driving. Appellant was sentenced to pay a total fine of $225.00. This appeal follows. Appellant raises a sole issue for our review:

> Did the trial court abuse its discretion by finding Appellant guilty of reckless driving, where, although Appellant crossed over a stop line, he did not create a substantial risk that property damage or personal injury would follow, where there was no evidence that any other vehicles were on the road at that time of night or that any vehicles had to take any evasive action to avoid Appellant's vehicle?

Appellant's Brief, at 5.

Our standard of review when faced with a challenge to the sufficiency of the evidence is:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-60 (Pa. Super. 2011) (*en banc*) (citations omitted).

"Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 75 Pa.C.S.A. § 3736(a). This Court has explained that the *mens rea* necessary to support a reckless driving conviction is

> that Appellant drove in such a manner that there existed a substantial risk that injury would result from his driving, *i.e.*, a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving.

*Commonwealth v. Bullick*, 830 A.2d 998, 1003 (Pa. Super. 2003).

We further explained the changes in the statutory language regarding the *mens rea* required for a reckless driving conviction:

> Consequently, even after the term willful and wanton was removed, reckless driving required something more than ordinary negligence. It follows then, that by reinserting willful and wanton into the definition, the standard for reckless driving was raised substantially higher. Since the reinsertion of willful and wanton coincided with the introduction of a lesser offense called careless driving, it stands to reason that to satisfy the elements of reckless driving, the offender's driving must be a gross departure from prudent driving standards.

> * * * *

> Thus, by including provisions for maximum speeds, unsafe speed, careless driving and reckless driving, the legislature created a stratum of violations or offenses to cover driving behavior that is increasingly divorced from prudent driving behavior.

*Commonwealth v. Greenberg*, 885 A.2d 1025, 1027 (Pa. Super. 2005) (citing *Bullick*, 830 A.2d at 1003).

Here, the trial court found Appellant not guilty of DUI, but guilty of reckless driving, and explained:

> Appellant failed to obey a lawfully posed stop sign and then stopped his car entirely in the lane of travel, presenting an unjustifiable risk of harm to any cars that might pass by. We also find that, in addition [to] his sudden braking and swaying in his lane of travel, Appellant admitted to smoking marijuana earlier in the day and then made the conscious decision to drive his vehicle. The totality of the circumstances shows the requisite *mens rea* for reckless driving.

Trial Court Opinion, 5/16/24, at 3 (pagination added).

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was

insufficient evidence to support Appellant's conviction for reckless driving. Reduced to its essence, Appellant was convicted of reckless driving because he stopped beyond the line at a stop sign causing his vehicle to be in the lane of travel. That is, Appellant failed to properly stop at a stop sign. While Appellant's driving constitutes a violation of duties at stop signs, 75 Pa.C.S.A. § 3323(b), of which he was also convicted, it does not rise to the level of recklessness that is the hallmark of the offense of reckless driving.[1]

In **Greenberg**, we found that the evidence was insufficient to support a reckless driving conviction where the appellant drove on a four-lane highway at 55 miles per hour, lost control of his vehicle while trying to negotiate a turn, and crashed into another vehicle. **See Greenberg**, 885 A.2d at 1028. In so holding, we noted that "there [was] no indication that Appellant was traveling so fast as to create a high probability that a motor vehicle accident would occur" and his "speed was not so excessive to qualify as a willful and wanton disregard for the safety of others." **Id.**

Similarly, in **Bullick**, we found insufficient evidence to support the *mens rea* requirement for a reckless driving conviction. **See Bullick**, 830 A.2d at 1003. There, an officer was dispatched to a single vehicle accident and observed skid marks approximately 100 feet long that lead to Appellant's

---

[1] Appellant was acquitted of the DUI offenses, and it is well-settled that "driving under the influence of intoxicating substances does not create legal recklessness *per se* but must be accompanied with other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded." **Commonwealth v. Mastromatteo**, 719 A.2d 1081, 1083 (Pa. Super. 1998).

damaged vehicle. ***Id.*** at 999. The Commonwealth argued that the skid marks indicated Appellant was driving at an excessive rate of speed. ***Id.*** at 1004. However, the Commonwealth did not present an eyewitness or an accident reconstructionist to provide information regarding the nature of the accident. ***Id.*** at 1003. As a result, this court found there was "insufficient evidence to prove that Appellant had driven at such a high rate of speed that he created a "substantial risk" of a motor vehicle accident." ***Id.*** at 1005.

In the instant case, Appellant's driving conduct clearly supports a violation of duties at stop signs, but it does rise to the level of willful and wanton disregard. We again note that the legislature has created a hierarchy of offences "to cover driving behavior that is increasingly divorced from prudent driving behavior." ***Greenberg***, 885 A.2d at 1027. The crime of reckless driving was intended to cover conduct that represents "a ***gross departure*** from prudent driving standards." ***Id***. (emphasis added).

It is therefore evident that the offence of reckless driving is meant to sanction driving behavior that deviates far more from the care than that which occurred here. There is simply no evidence in the record showing that Appellant drove in such a manner "that there existed a substantial risk that injury would result," or that he was aware of such a risk and "callously disregard[ed]" it. ***See Bullick***, 830 A.2d at 1003. Thus, there is insufficient evidence to support Appellant's reckless driving conviction, and we are compelled to reverse the conviction, vacate the judgment of sentence and remand for resentencing.

Conviction reversed, judgment of sentence vacated, and case remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/13/2025