J-S15027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DESHAWN SHAKEE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 282 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007597-2022

BEFORE: OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: AUGUST 18, 2025**

Deshawn Williams ("Williams") appeals from the judgment of sentence following convictions of driving under the influence of alcohol ("DUI") - general impairment, reckless driving, careless driving, and driving on roadways laned for traffic.[1] We affirm in part and vacate in part.

On November 28, 2021, Pennsylvania State Trooper Michael Rosky ("Trooper Rosky") of the Pennsylvania State Police ("PSP") was summoned to the scene of a single vehicle crash on Route 376 West. **See** N.T., 10/12/23, at 5. Trooper Rosky noted the road was wet and it was drizzling. **See id**. at 13.

Trooper Rosky saw Williams's sport utility vehicle ("SUV") overturned on the shoulder of the right-hand lane. **See id**. at 8–9. The SUV had two

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), 3736(a), 3714(a), 3309(1).

occupants; Williams, who was in the driver's seat when the trooper arrived, refused treatment from the medics on scene. *See id*. at 15–16. Trooper Rosky asked Williams how the crash occurred; Williams said another vehicle had driven into his path and caused him to drive into the embankment, which flipped the SUV. *See id*. at 31.

Trooper Rosky detected a strong odor of alcohol on Williams's breath, and noticed that Williams's eyes were bloodshot and watery, his speech was slurred, and he was talkative and "rambling." *See id*. at 7. To Trooper Rosky, these behaviors suggested alcohol impairment. *See id*. Although Williams initially denied drinking or using any controlled substance, he later stated he had consumed one beer. *See id*. at 8.

Given the dangerous location where the crash occurred, Trooper Rosky was only able to administer a single field sobriety test, on which Williams performed poorly. *See id*. at 8-9. The trooper then asked Williams's consent to a chemical blood test and reviewed the Pennsylvania implied consent form DL-26B with him, which Williams ultimately refused. *See id*. at 9–10. After Williams refused, he left the scene with a friend. *See id*. at 10. Police arrested Williams in January 2022.

Based on Trooper Rosky's observations, including, but not limited to, the smell of alcohol on Williams's breath and Williams's poor performance on the field sobriety test, he concluded Williams was under the influence of alcohol to a degree that rendered him incapable of safely driving. *See id*. at 9.

Following a non-jury trial in October 2023, the court held the case under advisement. *See* Trial Court Opinion 8/9/24, at 10-11 (unnumbered). By written order, it found Williams guilty of all charges on January 23, 2024. In February 2024, the court imposed an aggregate sentence of two to four days in jail and six months of consecutive probation. Williams filed a timely notice of appeal and he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Williams raises four issues for our review:

1. Whether the evidence was insufficient to convict [Williams] of DUI where the Commonwealth failed to prove beyond a reasonable doubt that he was incapable of driving safely despite consuming some amount of alcohol?

2. Whether the evidence was insufficient to convict [Williams] of reckless driving where the Commonwealth failed to prove beyond a reasonable doubt that [Williams's] driving was not only a gross departure from prudent driving standards, but that his driving also created a substantial risk that property damage or personal injury would follow (*i.e.*, the *mens rea* element of the offense)?

3. Whether the evidence was insufficient to convict [Williams] of careless driving where the Commonwealth failed to prove beyond a reasonable doubt that [Williams's] driving constituted something more than ordinary negligence or the mere absence of care under the circumstances (*i.e.*, the *mens rea* element of the offense)?

4. Whether the evidence was insufficient to convict [Williams] of driving within single lane where the Commonwealth failed to prove beyond a reasonable doubt that [Williams] moved his vehicle from his lane in an unsafe manner?

*See* Williams's Brief at 5 (punctuation and capitalization standardized).

All four of Williams's issues challenge the sufficiency of the evidence underlying his convictions, therefore we address them together.

Our standard and scope of review of a challenge to the sufficiency of the evidence to support a conviction are well-settled:

> whether [,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Reed***, 216 A.3d 1114, 1119 (Pa. Super. 2019).

Williams challenges his convictions for DUI — general impairment, reckless driving, careless driving, and driving within single lane. ***See*** Williams's Brief at 19-36.

To prove DUI – general impairment under Section 3802(a)(1), the Commonwealth must establish the driver was in actual physical control of the movement of a vehicle "after imbibing a sufficient amount of alcohol such that the individual [was] rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). A variety of evidence may be considered in determining whether a person is incapable of safe driving, including:

the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary. . ..

*Commonwealth v. Eichler*, 133 A.3d 775, 790 (Pa. Super. 2016).

A person commits reckless driving when he drives a vehicle in "willful or wanton disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3736. The *mens rea* necessary to support the offense of reckless driving consists of:

> a requirement that [the accused] drove in such a manner that there existed a substantial risk that injury would result from his driving, *i.e.*, a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving.

*Commonwealth v. Bullick*, 830 A.2d 998, 1003 (Pa. Super. 2003).

This Court has held driving under the influence of intoxicating substances does not create legal recklessness *per se*. For evidence to be sufficient to establish reckless driving, there must be, **beyond the fact of intoxication**, "other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded." *Commonwealth v. Mastromatteo*, 719 A.2d 1081, 1083 (Pa. Super. 1998). **See also Bullick**, 830 A.2d at 1003-04 (recognizing "the overwhelming majority of [intoxicated drivers] will make their way safely home," and holding the "conscious disregard" of the risk requires proof

beyond mere intoxication). *See also Commonwealth v. Greenberg*, 885 A.2d 1025, 1028 (Pa. Super. 2005) (finding evidence insufficient to support a reckless driving conviction where there was no indication that defendant was driving so quickly as to create a high probability that crash would occur, and his speed was not so excessive as to constitute willful and wanton disregard for the safety of others).

To establish careless driving, the Commonwealth must establish defendant drove a vehicle "in careless disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3714(a); *see e.g*. *Commonwealth v. Ford*, 141 A.3d 547, 556 (Pa. Super. 2016). Careless disregard has been interpreted to require less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." *See id.*, quoting *Commonwealth v. Gezovich*, 7 A.3d 300, 301 (Pa. Super. 2010). Evidence of speeding, failure to adhere to traffic rules, or other unsafe driving behaviors can sustain a finding of careless driving. *Commonwealth v. Ford*, 141 A.3d at 556.

Lastly, to sustain a conviction of driving on roadways laned for traffic, the Commonwealth must show that the vehicle was not driven "as nearly as practicable entirely within a single lane and . . . not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S.A. § 3309(1).

In challenging his conviction for DUI, Williams asserts an appellate court is not required to accept factual findings that are "inaccurate, incomplete, or lacking in evidence," which he claims the court improperly did here. **See** Williams's Brief at 25. He argues "the mere fact that [he] was involved in a one-vehicle accident" does not prove alcohol impairment rendering him incapable of safely driving. **Id**. at 24. He further maintains "the Commonwealth cannot sustain its burden of proof solely on the fact[-]finder's disbelief of the defendant's testimony[.]" **Id**. at 25, citing **Commonwealth v. Torres,** 766 A.3d 342, 345 (Pa. 2001). Finally, Williams claims another vehicle caused the crash and therefore it cannot be used as evidence of his impairment. **See id**. at 23.

With respect to reckless driving, Williams argues the Commonwealth failed to prove a gross departure from prudent driving standards because Trooper Rosky did not see Williams operate his vehicle. **See** William's Brief at 16-17. As to careless driving, Williams asserts the Commonwealth failed to establish more than ordinary negligence because it did not prove how the crash occurred. **See** Williams's Brief at 31. He again asserts another car caused the crash. **See id**. at 32. As to driving within a single lane, Williams yet again relies on his statement that another car caused the crash, the Commonwealth failed to disprove this, and "he was forced to respond to the erratic driving of another motorist." **Id**. at 34-36.

The trial court found the crash resulted from Williams's impairment and he "exhibited a diminished capacity to exercise judgment and to react to changing circumstances." Trial Court Opinion, 8/23/24, at 17 (unnumbered). The trial court further credited Trooper Rosky's testimony indicating Williams smelled strongly of alcohol and concluded Williams refused blood testing because he knew it would disclose the presence of drugs or alcohol in his system. *See id*. at 17-18 (unnumbered). The court found the totality of the circumstances, including the crash and its severity, Williams's failure to adjust his driving to the road and weather conditions, his diminished ability to act and react appropriately to changing circumstances, and his strong odor of alcohol, bloodshot, watery eyes, slurred rambling speech, and his refusal to submit to a blood test established DUI, reckless driving, careless driving, and driving within a single lane beyond a reasonable doubt. *See id*. at 4-5, 18-21 (unnumbered).[2]

Viewing the evidence, as we must, in the light most favorable to the Commonwealth as the verdict winner, we conclude sufficient evidence supports Williams's convictions of DUI, careless driving, and driving within a single lane, but fails to prove reckless driving. The testimony showed Williams

---

[2] Williams asks this Court to redetermine credibility and the weight to be given the Commonwealth's evidence. This Court's standard of review requires us to accept the trial court's credibility determinations and assessment of the weight to be accorded the evidence. *See Reed*, 216 A.3d at 1119.

was in the driver's seat when Trooper Rosky arrived at the single-vehicle crash of an overturned vehicle, displayed common indicators of alcohol impairment, failed a field sobriety test, admitted drinking alcohol prior to driving, and refused a blood test. That evidence was sufficient to sustain his DUI, careless driving, and driving within a single lane convictions. *See Commonwealth v. Dipanfilo*, 993 A.2d 1262, 1268 (Pa. Super. 2010) (finding evidence sufficient to establish defendant was incapable of safe driving where an officer's experience, training and observations established he was under the influence); *see also* 75 Pa.C.S.A. § 1547(e) (providing that a refusal to submit to a blood-draw test may be introduced in evidence along with other testimony concerning the circumstances of the refusal).

We do not agree, however, that the evidence was sufficient to sustain Williams's conviction for reckless driving. The trial court incorrectly relied on the fact that Williams drove after drinking as sufficient to sustain his conviction of reckless driving. *See* Trial Court Opinion, 8/23/24, at 19 (unnumbered). It is also noteworthy that in its brief the Commonwealth essentially concedes the evidence was insufficient to prove Williams's reckless driving. *See* Commonwealth's Brief at 18-21. It recognized the absence of an eyewitness or an accident reconstructionist undercuts its ability to establish "willful or wanton disregard," and forthrightly admits the trial court did not cite any other indicia of unsafe driving that created a substantial risk of injury other than

Williams's intoxication. *See* Commonwealth's Brief at 20 (tracking the language of 75 Pa.C.S.A. § 3736).

We agree the evidence of record was insufficient to prove reckless driving beyond a reasonable doubt. As the current law bears out, driving while intoxicated alone is not sufficient to prove reckless driving and the Commonwealth did not present any additional evidence to show "willful and wanton conduct." The trooper admitted that he did not see the crash or see Williams operate his vehicle. Even when viewed in the light most favorable to the Commonwealth as verdict-winner and drawing all reasonable inferences in its favor, the evidence was insufficient to sustain Williams's conviction of reckless driving. *See Greenberg*, 885 A.2d at 1028; *Mastromatteo*, 719 A.2d at 1083; *Bullick*, 830 A.2d at 1003-04.[3] Accordingly, we reverse his conviction for that offense.

For the above reasons, we vacate Williams's conviction of reckless driving and affirm the other convictions.[4]

---

[3] *Compare Commonwealth v. Jeter*, 937 A.2d 466, 469 (Pa. Super. 2007), (finding evidence sufficient to establish reckless driving where eyewitness testimony showed Jeter wove in and out of the roadway, a half–empty bottle of liquor was found on the front passenger–side floor of his car, and his blood alcohol level was 0.21).

[4] Vacating Williams's $200 fine for reckless driving does not affect the trial court's overall sentencing scheme. Thus, we remand to vacate that portion of the sentence only and see no need for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 570 (Pa. Super. 2006).

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/18/2025