J-S21008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MITH PEACH | : | |
| | : | |
| Appellant | : | No. 1932 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0016316-2022

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED SEPTEMBER 2, 2025**

Mith Peach appeals from the order of the Court of Common Pleas of Philadelphia denying his petition for a writ of certiorari from the Philadelphia Municipal Court, where he was convicted of recklessly endangering another person. He challenges the failure to dismiss his case under Rule 1013 of the Pennsylvania Rules of Criminal Procedure and the sufficiency of the evidence to sustain his conviction. Based on insufficient evidence, we reverse.

Police initially charged Peach with driving under the influence and recklessly endangering another person on September 18, 2022. In relevant part, the complaint alleged that Peach "recklessly endangered another person by crashing his vehicle into another vehicle and leaving the scene." Complaint, 9/18/22, at 2 (capitalization removed).

_____

[*] Retired Senior Judge assigned to the Superior Court.

The Commonwealth withdrew the complaint on March 23, 2023. On May 12, 2023, the Commonwealth refiled the complaint. Peach moved to dismiss pursuant to Rule 1013; the trial court denied the motion.

Ultimately, the case proceeded to a non-jury trial on December 11, 2023. At trial, Sonny Conto testified that Peach's 12-passenger van struck Conto's car at 1:37 a.m. on September 18, 2022, at the intersection of South 10th Street and Oregon Avenue in Philadelphia. Conto then chased after Peach for about five minutes to the parking lot of a high school.

Q. How did you first come into contact with [Peach]?

A. Yes, I was making a left hand turn. I was established in the left lane. This gentleman rear-ended me. My car spun out into the right lane doing a 360.

I noticed that my car was still driving. He takes off, makes a left up 9th Street. I chase him. I'm chasing him. I got the cops on the phone. I'm beeping.

He's running through stop signs. He goes down to 9th and Jackson and makes a left. I'm still chasing him. I'm screaming out the window. He goes down to 11th Street and makes a right. So, now I'm still chasing him. He blows the red light on Snyder Avenue. I'm still behind him.

Then he turns into Neumann Goretti parking lot. Well it was blocked. He couldn't get through.

N.T., 12/11/23, at 7–8. Conto clarified that his "car was still able to drive after being hit at three miles an hour." *Id.* at 7–8. Conto described the chase as lasting about five minutes, covering "about twelve, fifteen blocks" with Peach driving "[a]bout fifty miles an hour." *Id.* at 12–14. He brought his car to the body shop the next day. *Id.* at 11. Conto testified that he was injured.

Philadelphia Police Officer David Edmond testified that he responded to the parking lot to find a confrontation between Peach and Conto. *Id.* at 20–21. Edmond observed that Peach slurred his speech, had bloodshot eyes, and struggled to stand. *Id.* at 21–22. Peach admitted to Edmond that he drank earlier in the night. *Id.* at 22. Edmond opined that Peach was under the influence of alcohol and unable to safely operate a vehicle. *Id.* at 22–23.

The municipal court found Peach not guilty of driving under the influence and guilty of recklessly endangering another person. The court made factual findings on the record:

> [T]here was enough evidence to support that Mr. Peach did in fact hit the car of Mr. Conto and . . . that he left the scene of the accident and was driving fifteen blocks and then drove into a parking lot area as the video showed and could not get out of the parking lot.
>
> But, there is insufficient evidence to show that the defendant was [] incapable of operating the vehicle being that the evidence supported by Mr. Conto said he drove fifteen blocks.

*Id.* at 51. The prosecutor noted, for purposes of recklessly endangering another person, that Peach admitted he was drinking and that Conto's car had "spun out 360 to the other lane." *Id.* at 52.

The municipal court sentenced Peach to eighteen months of reporting probation. Peach petitioned for a writ of certiorari. The court of common pleas heard the matter on June 27, 2024, and denied Peach's petition.

Peach timely appealed. Peach and the court of common pleas complied with Pennsylvania Rule of Appellate Procedure 1925.

Peach presents two issues for review:

- 3 -

1. Did the trial court err in denying [Peach's] motion to dismiss pursuant to Pa.R.Crim.P. 1013?

2. Was the evidence insufficient to support [Peach's] conviction of recklessly endangering another person?

Peach's Brief at 3.

Peach's second issue is dispositive. Peach argues that the evidence at his trial was insufficient to sustain his conviction for recklessly endangering another person. He reasons that the Commonwealth failed to prove that he was reckless as to the risk of actual danger due to his crash or driving while Conto pursued him. Further, Peach contends that the trial court's comments in acquitting him of driving under the influence are inconsistent with finding him guilty of recklessly endangering another person.

The Commonwealth counters that inconsistent verdicts do not render the evidence insufficient to sustain a conviction, even after a non-jury trial. The Commonwealth submits that the evidence that Peach drank alcohol, rear-ended Conto's car, fled at 50 miles per hour over 12 to 15 blocks, and ran stop signs and a red light all establish that Peach consciously disregarded the risk of harm to others on the roadway.

This Court, in reviewing a sufficiency challenge, must determine "whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Webber*, 306 A.3d 921, 925 (Pa. Super. 2023) (quoting *Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa. Super. 2023)). We do

not re-weigh evidence or substitute our judgment for the fact-finder's; rather, we recognize that the Commonwealth may meet its burden with circumstantial evidence and "need not preclude every possibility of innocence." ***See id.*** at 925–26. While the Commonwealth receives "the benefit of all reasonable inferences" from the evidence, the trial evidence must not require the fact-finder to guess between "two equally reasonable and mutually inconsistent inferences." ***In re J.B.***, 189 A.3d 390, 412–14 (Pa. 2018). Sufficiency review recognizes that "a criminal conviction cannot be based upon mere speculation and conjecture." ***Commonwealth v. Duncan***, 314 A.3d 556, 565 (Pa. Super. 2024) (quoting ***Commonwealth v. Jarman***, 601 A.2d 1229, 1231 (Pa. 1992)).

The scope of our review requires us to evaluate "the entire record" and consider "all evidence actually received" at trial. ***Webber***, 306 A.3d at 926. Although a verdict and factual findings are rendered ***after*** evidence has been received at trial, reviewing courts can consider such matters during sufficiency review. ***E.g.***, ***Commonwealth v. Muhammad***, 335 A.3d 1047 (Pa. 2025) (plurality) (reviewing a jury's special factual finding); ***Commonwealth v. Barkman***, 295 A.3d 721, 738 (Pa. Super. 2023) (noting arguably inconsistent verdicts while reviewing for sufficiency). However, we will not reverse a conviction based on an inconsistent verdict if the trial evidence was sufficient to sustain the conviction. ***Barkman***, 295 A.3d at 738; ***see Muhammad***, 335 A.3d at 1060 (Wecht, J., concurring) (applying this rule for a jury's "special findings").

The Crimes Code defines recklessly endangering another person: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. This prohibits conduct that is reckless, not merely negligent. *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). "Recklessness is distinguishable from negligence on the basis that recklessness requires conscious action or inaction which creates a substantial risk of harm to others, whereas negligence suggest unconscious inadvertence." *Id.* (quoting *Tayar v. Camelback Ski Corp., Inc.*, 47 A.3d 1190, 1200 (Pa. 2012)). Moreover, a conviction for recklessly endangering another person requires proof "that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." *Commonwealth v. Cianci*, 130 A.3d 780, 782 (Pa. Super. 2015) (quoting *Commonwealth v. Hopkins*, 747 A.2d 910, 915 (Pa. Super. 2000)). Thus, where a defendant shot a handgun out a window, but there was only evidence of one other person in the area, we reversed a section 2705 conviction after concluding that the other person was not positioned where he could be shot from the window. *Commonwealth v. Kamenar*, 516 A.2d 770, 771–72 (Pa. Super. 1986).

Driving under the influence is not *per se* recklessness for purposes of section 2705. *Commonwealth v. Mastromatteo*, 719 A.2d 1081 (Pa. Super. 1998). For example, in *Mastromatteo*, the defendant drove "in a relatively slow fashion" with her young son in the car. She did not come close

to any other vehicles, although she drifted over the center line three times. *Id.* at 1082. Chemical testing revealed unlawful levels of alcohol and marijuana. *Id.* This Court rejected the proposition that "driving under the influence, without more, equates to *per se* recklessness" for purposes of section 2705. *Id.* To be sufficient evidence to sustain a conviction for recklessly endangering another person, evidence of a driver's intoxication "must be accompanied with other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded." *Id.* at 1083.

Notably, even causing a car accident while driving under the influence, without more, is insufficient to sustain a conviction for recklessly endangering another person. *Commonwealth v. Hutchins*, 42 A.3d 302 (Pa. Super. 2012). Driving on a flat road on a sunny day, the defendant in *Hutchins* turned left and hit an oncoming car, damaging both cars and injuring the other driver and his own children. *Id.* at 304. He told a responding officer that the accident was his fault and admitted to smoking marijuana earlier in the day. *Id.* This Court affirmed the defendant's convictions for driving under the influence but reversed on recklessly endangering another person. The occurrence of the car accident, as well as his intoxication, were insufficient to prove that the defendant recklessly endangered the lives of others "absent additional evidence of his reckless driving or conduct." *Id.* at 312.

By contrast, "indicia of unsafe driving" includes some evidence that a drunk driver's dangerous conduct caused a collision. *Commonwealth v.*

*Sullivan*, 864 A.2d 1246, 1250 (Pa. Super. 2004). In *Sullivan*, the defendant drove a quarter mile up an off-ramp in an unfamiliar area, colliding with another car and injuring the five people in the other car. *Id.* at 1247–48. We affirmed the defendant's five convictions for recklessly endangering another person, concluding that his actions were sufficient for the trial court to find his mental state as required by section 2705. *Id.* at 1250. Similarly, we affirmed a defendant's conviction for reckless driving where he was highly intoxicated while driving and weaved in and out of the turnpike roadway for several miles, at a time when other drivers were on the road. *Commonwealth v. Jeter*, 937 A.2d 466, 468–69 (Pa. Super. 2007). The defendant ultimately drove into the center barrier with enough force to blow out his front tire. *Id.*

Here, we initially reject Peach's contentions that the trial judge's statements in acquitting him of driving under the influence somehow render the evidence insufficient to convict him of recklessly endangering another person. The trial judge's determination that Peach was not impaired to a proscribed degree does not preclude a finding that Peach consciously disregarded a risk of causing death or serious bodily injury.

Nonetheless, our review of the trial record does not reveal sufficient indicia of unsafe driving to prove that Peach was reckless, either in the crash or driving away from it. The only evidence of the circumstances of the crash

was Conto's testimony: Peach rear-ended his car "at three miles an hour"[1] and spun it "360" into the right lane. The occurrence of a crash and Peach's admission that he drank earlier in the night do not, "absent additional evidence of his reckless driving or conduct," prove that the crash was anything more than negligence on the part of Peach. ***Hutchins***, 42 A.3d at 312.

Conto's testimony was also the only evidence of how Peach drove from the site of the crash to the high school parking lot. While Conto chased Peach, Peach drove for five minutes at 50 miles per hour through stop signs and one red light.[2] Unlike in ***Sullivan*** and ***Jeter***, where the defendants' dangerous driving caused accidents, there was no evidence that Peach's high-speed flight caused him to lose control of his van or put any other person in danger of death or serious bodily injury. There was proof of only one other person in the area at 1:37 a.m.: Conto, who was chasing Peach, screaming, and beeping his horn. Because Conto was behind Peach, Peach could not have hit Conto's car while driving away from him. ***Cf. Kamenar***, 516 A.2d at 771. Without anyone else in Peach's path, the evidence is not sufficient to prove an "actual present ability to inflict harm." ***Cianci***, 130 A.3d at 782.

_____

[1] The court of common pleas cited Conto's testimony from a prior proceeding that Peach rear-ended him "at a high rate of speed." However, Conto did not testify at the non-jury trial that Peach was traveling fast when he hit him.

[2] There was also some evidence that when Peach reached the high school parking lot, he neglected to put his van in "park." As with the initial crash, this would establish, at most, that Peach was negligent.

Peach's "acts in this matter are deplorable." **Hutchins**, 42 A.3d at 312. However, there was no evidence that recklessness caused him to rear-end Conto or that his subsequent flight endangered anyone. We therefore reverse Peach's conviction for recklessly endangering another person.

Judgment of sentence vacated. Conviction reversed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025